STATE of Missouri, Respondent,

v.

Tommie PORTER, Appellant.

No. WD 39965.

Missouri Court of Appeals,
Western District.

July 19, 1988.

Nancy A. McKerrow, Columbia, for appellant.

William L. Webster, Atty. Gen., Jared Richard Cone, Asst. Atty. Gen., Jefferson City, for respondent.

Before SHANGLER, P.J., and
LOWENSTEIN and GAITAN, JJ.

LOWENSTEIN, Judge.

Tommie Porter appeals from his conviction for possession of a weapon about the premises of a correctional institution, § 217.360.1, RSMo 1986, for which he was sentenced to seven years imprisonment. Specifically, Porter alleges error in the trial court's refusal to give the jury an instruction on the defense of duress and in employing a video hookup between the penitentiary and the Cole County courtroom for purposes of sentencing.

The incident around which the charges against Porter revolved occurred at the Missouri State Penitentiary where Porter was an inmate. At around 4:00 p.m. on January 23, 1986, Porter requested that a correctional officer, who was in the process of making his evening count, come to his cell. This officer testified Porter showed him a length of pipe, told him he was being threatened with being fire bombed by other unnamed inmates, and wanted to be moved to another area of the prison. The first correctional officer reported that Porter had the pipe to a second officer. The second officer informed Captain Harry Lloyd of the situation, who told the officer to get the pipe from Porter. When the second officer approached Porter, Porter denied having the pipe. The officer did not see the pipe, but did notice where a section of pipe had been removed from the wall. Inquiring of Porter, the officer was told if he wanted the pipe he would have to come in and get it. Porter was still asking to be moved. Several hours later, Captain Lloyd came to Porter's cell and found Porter with the pipe in his hand demanding to be moved. Lloyd was also told if he wanted the pipe he would have to come and get it. After securing the area and bringing in officers equipped with riot gear, Lloyd threatened Porter with mace. Porter gave up the pipe. None of the three officers knew whether Porter's story about the

threats was true, and none was aware Porter had any enemies in the area. The testimony showed that Porter was in an individual cell in an area of the prison used for uncontrollable inmates. The move requested by Porter would have put him in an area with less restrictions.

Porter testified in his defense that certain inmates had threatened to fire bomb his cell or throw water and live electrical wires into his cell. Porter's testimony was that he did not have the pipe at the time the two correctional officers approached him in his cell, but that he removed the pipe when Captain Lloyd came to his cell because it was nearing the time the inmates had said they would act and he felt the pipe was the only way he could get Lloyd to understand his fear. Porter also testified he removed the pipe because he was afraid and believed it was his only protection since the prison officials were not doing anything.

■ The trial court refused Porter's tendered instruction on the defense of duress noting "[w]hatever was supported by the evidence, I don't think it was duress...." "A defendant is entitled to an instruction on any theory of his case which the evidence tends to establish." *State v. Jones*, 627 S.W.2d 322, 323 (Mo.App.1982). The Missouri Supreme Court has "clearly delineated the elements and perimeters" of the common law defense of duress:

> [T]o constitute a defense to a criminal charge, the coercion must be present, imminent, and impending and of such a nature as to induce a well grounded apprehension of death or serious bodily injury if the act is not done. Threat of future injury is not enough. Nor can one who has a reasonable opportunity to avoid doing the act without undue exposure to death or serious bodily injury invoke the doctrine as an excuse.

*State v. Rumble*, 680 S.W.2d 939, 942 (Mo. banc 1984) quoting *State v. St. Clair*, 262 S.W.2d 25, 27–28 (Mo.1953). Clearly lacking under these facts is the requirement of imminence. In *St. Clair*, a robbery was committed by a defendant under the "immediate surveillance" of another man armed with a shotgun, and the court held that duress was made a submissible issue. 262

S.W.2d at 28. While Porter testified he was threatened and in fear for his life, the testimony also established that the threat was of future injury. Threat of future injury is expressly insufficient to excuse Porter's actions under the standard announced by the Supreme Court. The trial court properly refused Porter's duress instruction.

■ Porter's second point on appeal asserts that the trial court's use of a video hookup between the penitentiary and the Cole County courtroom for Porter's sentencing amounted to plain error. Because Porter made no objection to the procedure at the time of sentencing or in his motion for new trial, this court is limited to plain error review. Reversal under the plain error rule requires the appellant to make a sound, substantial manifestation and a strong, clear showing that injustice will result from the alleged error. *State v. Brown*, 698 S.W.2d 9, 12–13 (Mo.App.1985).

■ Porter relies on the following language from § 546.550:

> For the purpose of judgment, if the conviction be for an offense punishable by imprisonment, or imprisonment be assessed as punishment by the jury, the defendant must be personally present
> . . .

and from § 546.560:

> If the defendant is in custody, he must be brought before the court for judgment . . .

and on a recent Missouri Supreme Court decision, *State ex rel. Turner v. Kinder*, 740 S.W.2d 654 (Mo. banc 1987). In *Turner*, a writ of prohibition was brought challenging the use of a prison to courthouse video hookup in conducting preliminary hearings and arraignments of inmates. *Id.* at 655. The statutes relied on in *Turner*, §§ 546.030, 544.250, and 544.270 referred to personal presence and appearing before the court, not unlike the statutes here. *Id.* The state relied on a separate statutory section, § 544.275, which allows preliminary hearings, and pre- or post-conviction proceedings to be held within a facility of the department of corrections. *Id.* at 656. The court recognized that the section was a legislative statement that preliminary hear-

ings and pretrial proceedings may be conducted in a penitentiary conference room as well as in a courtroom but declined to legislate public policy beyond that to allow a video link between the two. *Id.* That reasoning controls here, and the court holds the post-trial activity of sentencing should occur in one place or the other. Such holding does not, however, dispose of this point.

As noted, Porter must show a sound, substantial manifestation and a strong, clear showing that a manifest injustice or a miscarriage of justice will result from the alleged error under the plain error review. Porter has made no effort to show and the record does not contain a showing of the degree of prejudice toward the defendant from the seven year sentence pursuant to a video hookup necessary to sustain this point. Accordingly, this point on appeal is denied. This court does not intend to condone or encourage activities contrary to the statutes. Future sentencing in similar circumstances should be conducted in accord with this opinion as guided by the Missouri Supreme Court, with the defendant personally and bodily present before the court.

The judgment of the trial court is affirmed.

All concur.