567 So.2d 16 (1990)
Marvin JACOBS, Appellant,
v.
STATE of Florida, Appellee.
No. 89-1184.
District Court of Appeal of Florida, Fourth District.
September 5, 1990.
Rehearing and Clarification Denied October 17, 1990.
Richard L. Jorandby, Public Defender, Cherry Grant and Eric M. Cumfer, Asst. Public Defenders, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, Patricia G. Lampert, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
We affirm appellant's conviction; however, we find reversible error in the sentencing procedure which will require resentencing. Appellant was in jail at the time of sentencing. His attorney and the sentencing judge were in the courtroom. *17 Communication was accomplished through closed-circuit television. Such an arrangement is not authorized by rule or statute and is consequently fatally and fundamentally flawed. Rule 3.180(a)(9), Florida Rules of Criminal Procedure, provides that a defendant shall be present at the pronouncement of judgment and the imposition of sentence. This is essential to permit the defendant to confer with his counsel privately and to have the benefit of his advice. Further, the rules specifically permit communication by way of audiovisual video camera at first appearances and at the arraignment stage of proceedings. Fla.R.Crim.P. 3.130(a) and 3.160(a). Failure to include sentencing as an exception to the "personally present" requirement cannot be deemed mere oversight. Accordingly, we reverse the sentence and remand for resentencing.
We also strike the imposition of costs imposed upon the indigent appellant without prior notice. Mays v. State, 519 So.2d 618 (Fla. 1988); Jenkins v. State, 444 So.2d 947 (Fla. 1984). The requirement that appellant pay the Public Defender's fee is similarly flawed. Thomas v. State, 486 So.2d 69 (Fla. 4th DCA 1986).
AFFIRMED IN PART; REVERSED IN PART; REMANDED.
HERSEY, C.J., STONE, J. and OWEN, WILLIAM C., Jr., Associate Judge, concur.