574 So.2d 323 (1991)
Anthony M. THOMAS, Appellant,
v.
STATE of Florida, Appellee.
No. 90-1625.
District Court of Appeal of Florida, Fourth District.
February 20, 1991.
Richard L. Jorandby, Public Defender and Joseph R. Chloupek, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Joan Fowler, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
We affirm appellant's convictions, but reverse and remand for resentencing so that the appellant can be physically present in the courtroom. See Jacobs v. State, 567 So.2d 16 (Fla. 4th DCA 1990).
WARNER and GARRETT, JJ., concur.
LETTS, J., concurs specially with opinion.
LETTS, Judge, specially concurring.
The majority has appropriately followed the dictates of Jacobs out of this very court and so must I. However, I find Jacobs, as written, unconvincing. We live in a Star-Trek era, in which "presence" is effected by electronic wizardry thought impossible fifteen-years-ago, short of ectoplasm. Under Florida Rules of Criminal Procedure 3.130(a) and 3.160(a), if being "present," in the discretion of the trial judge, can be accomplished by an "electronic audiovisual device" during arraignments and first appearances, I see no reason why the same cannot be extended to sentencing, with appropriate safeguards. It is true that a specific rules exception to Florida Rules of Criminal Procedure 3.180(a)(9) has not been promulgated as to sentencing, yet I see no reason why case law can not provide one if the facts and circumstances warrant it. In truth, the facts and circumstances, sub judice, do exactly that.
Jacobs grounds its conclusion requiring physical presence on the premise that such "is essential to permit the defendant to confer with his counsel privately and have the benefit of his advice." However, Jacobs does not tell us whether the defendant in that case was, in fact, denied private access to counsel for advice. In the case at bar, defense counsel not only did not object to the mere video presence of the defendant,[1] but the court specifically declared a recess so that defense counsel could privately advise and conference with his client, which the record clearly indicates he, in fact, did.
All this being so, if this particular case had preceded Jacobs, I would have voted to affirm it. As it is, since Jacobs has branded the method employed here "fatally and fundamentally flawed," I have no alternative but to concur.[2] However, I believe the Supreme Court of Florida may have tacitly agreed with me when it adopted In re Rule 3.160(a) Florida Rules of Criminal Procedure, 528 So.2d 1179 (Fla. 1988). See also *324 State v. Porter, 755 S.W.2d 3 (Mo. App. 1988).
NOTES
[1] Indeed, for aught we know, he may have implemented it.
[2] I note that the trial judge conducted this sentencing hearing prior to the publication of Jacobs.