578 So.2d 846 (1991)
Harold WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 90-2431.
District Court of Appeal of Florida, Fourth District.
May 1, 1991.
Richard L. Jorandby, Public Defender and Joseph Chloupek, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Don M. Rogers, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
Appellant complains of errors in his sentencing on burglary and grand theft charges. We agree and reverse.
Appellant and the state jointly filed a Petition to Enter Plea of Guilty/Nolo Contendere which specifically provided:
12. I understand that both the entry of my plea and my sentencing may be done using an audio-visual device. This procedure will allow me to see the judge and hear all matters which are discussed in open court, and further, allow the judge to simultaneously see and hear me. I will have an opportunity to see and hear both my attorney, state attorney, and any witnesses that may come forth in these proceedings. I further understand that if my plea and/or sentencing are handled in this matter, a complete record of the proceedings will be made. I freely and voluntarily agree to the use of such audio-visual device for the taking of my plea and/or sentencing.
The sentencing hearing was held on July 23, 1990. Appellant was not physically present but was present by video.
The state and appellant were in dispute about the amount of restitution, and a hearing was set for August 27, 1990. Appellant agreed to waive his presence for this hearing. He was neither personally present nor present by video means. The victim testified as to her total loss as a result of the burglary and grand theft, and the trial court found the total restitution owed to the victim was $17,568.90. Appellant's counsel objected on the basis that appellant would not have the ability to pay this amount considering the information in the PSI of appellant's financial status. The trial court responded by orally ordering that the probation be extended from five years to twelve and a half years, to which appellant's counsel objected.
Appellant asserts that the trial court had no authority to extend appellant's probation period at the subsequent restitution hearing when sentence was already imposed at the earlier sentencing hearing. Appellant also asserts that the extension of *847 his "sentence" of probation violates his double jeopardy rights. We agree.
Under Florida Rule of Criminal Procedure 3.800(a) the court is permitted to correct an illegal sentence at any time. Under Rule 3.800(b) the revision of a legal sentence is allowed but only if it reduces the sentence. In Cherry v. State, 439 So.2d 998 (Fla. 4th DCA 1983), this court held that an increase in the sentence at a hearing held later in the day after adjournment of the original sentencing hearing was in contravention of this rule and also was expressly prohibited under the double jeopardy clause. See also Tessier v. Moe, 485 So.2d 46 (Fla. 4th DCA 1986); Westover v. State, 521 So.2d 344 (Fla. 2d DCA 1988). Based on the foregoing, the trial court erred in extending the term of probation from five to twelve and a half years after the sentencing hearing was completed. We remand for correction of the sentence.
Finally, we also reverse the restitution award because there was absolutely no evidence presented on appellant's ability to pay the amount. When restitution is made a condition of probation that appellant must perform, the trial judge should have some indication that it would not be impossible for appellant to do so. Peters v. State, 555 So.2d 450 (Fla. 4th DCA 1990).
With respect to the original sentencing hearing, we find no error in sentencing appellant where appellant was "present" by video means, since he specifically agreed in writing to the procedure and thus waived any right to be "personally" present in open court. We distinguish Jacobs v. State, 567 So.2d 16 (Fla. 4th DCA 1990), because in that case it does not appear that there was any written agreement to the video sentencing. In the instant case the appellant was present by video; saw, heard and was able to speak to the judge; and was able to speak privately with his attorney during the proceeding. He was afforded all of the constitutional protections to which he was entitled. Therefore, we find no fundamental error has occurred where "personal" presence was voluntarily waived.
We find no error in the remaining points raised.
Reverse and remand for resentencing consistent with this opinion.
LETTS, GUNTHER and WARNER, JJ., concur.