618 So.2d 1386 (1993)
Jacob SCOTT, Appellant,
v.
STATE of Florida, Appellee.
No. 91-03441.
District Court of Appeal of Florida, Second District.
April 2, 1993.
Rehearing Denied May 13, 1993.
*1387 James Marion Moorman, Public Defender, Bartow, and Stephen Krosschell, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Elaine L. Thompson, Asst. Atty. Gen., Hollywood, for appellee.
ALTENBERND, Judge.
Jacob Scott challenges his felony conviction and sentence because the trial judge conducted his plea and sentencing proceedings through the use of closed circuit television. We affirm the conviction and the sentence. We are concerned that the waiver signed by Mr. Scott may not be adequate to waive his presence at sentencing. In this case, however, we conclude that any error is harmless.
Jacob Scott was charged with possession of contraband in a penal institution, a third-degree felony. § 944.47(1)(c), Fla. Stat. (1991). The information alleges that he possessed United States currency while an inmate in the DeSoto Correctional Institution. The state attorney filed a notice of intention to seek an enhanced penalty because Mr. Scott was a habitual offender.
On July 19, 1991, Mr. Scott signed a plea agreement, in which he agreed to plead guilty or no contest to this charge in exchange for a two-year sentence, consecutive to the sentence he was already serving. He was represented by counsel at that time.
On July 29, 1991, he signed a waiver form permitting a plea via video hookup between the court and the jail.[1] On that *1388 day, he entered his plea and was sentenced. We do not have a videotape copy of that hearing. The record, however, contains a standard transcript of the hearing. Mr. Scott's attorney was present. Mr. Scott admits that his attorney was at the jail with him during the sentencing hearing. The trial judge placed Mr. Scott under oath and conducted a typical sentencing hearing. Mr. Scott pleaded no contest and received the negotiated sentence. The state withdrew its request for habitualization, and Mr. Scott received precisely the sentence that he and his attorney had negotiated. No one made any contemporaneous objection to any procedural or substantive aspect of this hearing.
The Fourth District has ruled that it is reversible error to conduct a plea hearing or a sentencing hearing by means of closed circuit television. Seymour v. State, 582 So.2d 127 (Fla. 4th DCA 1991); Jacobs v. State, 567 So.2d 16 (Fla. 4th DCA 1990). The Fourth District, however, has also held that a defendant may voluntarily waive his right to be present at his sentencing. Williams v. State, 578 So.2d 846 (Fla. 4th DCA 1991). Further, the Florida Supreme Court has held repeatedly that a defendant may waive his presence at a critical stage of the prosecution. See Amazon v. State, 487 So.2d 8 (Fla.), cert. denied, 479 U.S. 914, 107 S.Ct. 314, 93 L.Ed.2d 288 (1986).
Mr. Scott has never suggested that his waiver of the right to attend the plea hearing was not knowing, voluntary, and intelligent. Thus, his plea was correctly accepted in this videotaped, closed circuit television proceeding.
Although neither side raised the issue, we note that the written waiver did not expressly extend to the sentencing hearing. We are concerned that such a written waiver may be inadequate and could lead to reversible error. In this case, however, we decline to hold that any infirmity in the written waiver was per se error and conclude that it was harmless beyond a reasonable doubt.
This case is distinguishable from Jacobs and Seymour. In each of those cases, the defendant did not have his attorney at his side during the sentencing. Mr. Scott and his attorney were together in the prison facility during his sentencing. Mr. Scott had the ability to directly discuss any question or concern with his attorney.
Without more information in the record, we cannot declare that this procedure was necessarily erroneous. Although the defendant was not physically present in the public courtroom when his sentence was announced, the judge did announce his sentence in a public courtroom. We have no reason to assume that the audio-video hookup prevented the defendant and his counsel from fully and adequately participating in that public hearing. The record indicates that the judge could and did communicate with the defendant and his attorney. No one suggests that the defendant lacked a satisfactory ability to communicate with the judge and other participants in the courtroom. For constitutional purposes, this audio-video hookup may well be the legal equivalent of physical presence. See, e.g., Guinan v. State, 769 S.W.2d 427 (Mo.) (en banc) (rule allowing for audio-visual sentencing and postconviction hearings is not facially invalid), cert. denied, 493 U.S. 900, 110 S.Ct. 259, 107 L.Ed.2d 208 (1989). Although we are quite concerned that this procedure may be insufficient to fulfill the requirements of Florida Rule of Criminal Procedure 3.700(b), on this limited record and without a preserved issue on appeal, we decline to resolve the issue.
Assuming that this procedure were fundamental error in this case, that status simply would permit Mr. Scott to raise the issue on appeal in the absence of a contemporaneous objection in the trial court. See Ray v. State, 403 So.2d 956 (Fla. 1981). Even fundamental error can be harmless. See Clark v. State, 336 So.2d 468 (Fla. 2d DCA 1976), aff'd, 363 So.2d 331 (Fla. 1978). Mr. Scott has not established any harm from this procedure in his case. See, e.g., State v. Porter, 755 S.W.2d 3 (Mo. Ct. App. 1988) (harmless error to use video hookup for sentencing between jail and courtroom in absence of prejudice). If Mr. Scott had made an open plea and the trial judge had had discretion concerning *1389 the sentence, perhaps his physical presence would have been important. Mr. Scott, however, received the precise sentence that he and his attorney negotiated in a written plea agreement. If anything, the sentence is more favorable to Mr. Scott than his plea agreement because he was not classified as a habitual offender. Mr. Scott has not requested to withdraw his plea or shown any reason why such a request should be granted.
We recognize that some procedural errors may be per se errors, i.e., errors that an appellate court must deem harmful without proof in the record. See Smith v. State, 500 So.2d 125 (Fla. 1986); Porr v. State, 585 So.2d 944 (Fla. 2d DCA 1991). This sentencing procedure does not appear to be a "structural defect[] in the constitution of the trial mechanism, which [defies] analysis by `harmless-error' standards." Arizona v. Fulminante, ___ U.S. ___, ___, 111 S.Ct. 1246, 1265, 113 L.Ed.2d 302, 331 (1991). Accordingly, we conclude this case should be affirmed on direct appeal.
Finally, we note that the judgment and sentence contain a scrivener's error. The defendant's name is shown as "Scott Jacob" rather than vice-versa. On remand, this error must be corrected.
Affirmed with instructions to correct scrivener's error.
RYDER, A.C.J., and PARKER, J., concur.
NOTES
[1] The document that Mr. Scott and his attorney signed stated the following in its entirety:

WAIVER
I, the undersigned, do hereby agree to enter a plea via video hook-up between the Court and the Jail. I further understand that the entire proceedings are being recorded for the record.
This shall be deemed a plea with all the constitutional rights and privileges as if performed in Open Court.