617 So.2d 357 (1993)
James E. SCHIFFER, Appellant,
v.
STATE of Florida, Appellee.
No. 92-1000.
District Court of Appeal of Florida, Fourth District.
April 14, 1993.
Richard L. Jorandby, Public Defender, and Tanja Ostapoff, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and James J. Carney, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
Defendant was charged by information with dealing in stolen property between February 2, and February 4, 1988. He pled no contest and was sentenced to five years in the Department of Corrections, to be followed by six months probation. He violated his probation in October of 1989 by failing to pay costs, to report regularly to his probation officer, and by moving without his probation officer's consent. His probation was extended one year. In February of 1992 another violation of probation warrant was issued. Defendant was charged with a number of violations. The court held a probation revocation hearing which defendant participated in via video/audio arrangement. Several weeks later, the court held a sentencing hearing. Defendant also participated in this hearing via the video setup. The prosecutor advised the court as follows:
He scores 27 to life, Judge, which is the next lowest possible permitted sentence under the guidelines in excess of the maximum possible sentence. So the court would be bound to give the 15 years.
The court sentenced the defendant to 15 years, with credit for 497 days.
Defendant raises three issues on appeal. We reverse on all three. First of all, we agree that the trial court erred in limiting the credit received to 497 days. In this case, defendant, with credit for time served, had completed his original five-year sentence. Because the offense for which he was convicted occurred prior to the effective date of section 948.06(6), Florida Statutes, he is entitled to credit to the full *358 five years regardless of the time he was actually incarcerated. Harrington v. State, 609 So.2d 712 (Fla. 4th DCA 1992).
We also agree with defendant's contention that the trial court erroneously believed it had to provide written reasons to justify a downward departure. We have recently held to the contrary. State v. Hogan, 611 So.2d 78 (Fla. 4th DCA 1992). Moreover, not only does the record demonstrate that the trial court believed that it had to provide written reasons to justify departure, but the record does not indicate that the trial court understood that the prior plea agreement provided the reasons to support departure. See State v. Nickerson, 541 So.2d 725 (Fla. 1st DCA 1989).
We also find error with the video/audio procedure employed in this case. Defendant has the right to be physically present at a probation revocation hearing. Rule 3.180(a)(9) Florida Rules of Criminal Procedure states "in all prosecutions for crime the defendant shall be present * * * at the pronouncement of judgment and the imposition of sentence." A probation revocation hearing constitutes a deferred sentencing proceeding. Green v. State, 463 So.2d 1139, 1140 (Fla. 1985). We have, however, permitted the defendant to waive this right. Williams v. State, 578 So.2d 846 (Fla. 4th DCA 1991).
In Williams, the defendant was present at his sentencing hearing via a video/audio arrangement. We found no fundamental error with the proceedings in that the defendant had signed a written no contest plea specifically agreeing to a video sentencing and, because the defendant was afforded an opportunity to speak privately with his attorney during the proceeding. We distinguished Williams from Jacobs v. State, 567 So.2d 16 (Fla. 4th DCA 1990), a case where we found reversible error in a video sentencing procedure, by pointing out that the defendant in Jacobs did not sign a waiver agreement nor did the Jacobs defendant have private access to confer with his counsel.
This case is indistinguishable from Jacobs. The record does not indicate that defendant affirmatively waived his right to be physically present at the revocation proceeding. Moreover, defendant had no means by which he could confer privately with counsel. See Seymour v. State, 582 So.2d 127, 128 (Fla. 4th DCA 1991) ("It is of vital importance that a defendant have the opportunity to engage in personal and private conference with his counsel"). Defendant has a right to counsel at a probation revocation hearing. State v. Hicks, 478 So.2d 22 (Fla. 1985). Without any procedure whereby defendant could communicate privately with his attorney, defendant's Sixth Amendment right to counsel was more than impaired, it was obliterated. See Seymour, 582 So.2d at 129. ("We can imagine no more fettered and ineffective consultation and communication between an accused and his lawyer than to do so by television in front of a crowded courtroom with the prosecutor and judge able to hear the exchange.").
We therefore reverse and remand. The defendant is entitled to be present at his probation revocation hearing absent record evidence of waiver. If the defendant's probation is revoked, at resentencing the trial court may consider the prior plea agreement as a basis to justify a downward departure from the guidelines sentence. In addition, the defendant must be given credit for the full five year term previously imposed.
REVERSE AND REMAND.
DELL, FARMER and KLEIN, JJ., concur.