RYDER, Acting Chief Judge.
Henry Mansfield seeks review of his sentence as a habitual offender and raises *1386 three points on appeal. We affirm the sentence, but remand to correct scrivener’s errors.
In February 1991, Mansfield pleaded no contest to possession of a firearm by a convicted felon and discharging a firearm in public. He received two years’ probation. In June 1991, he was charged with grand theft. This offense was also the basis for an affidavit of probation violation.
On July 19, 1991, Mansfield filed a written waiver, agreeing to enter a plea by video hookup between the court and the jail. He pleaded no contest to the grand theft offense and admitted violating his probation. The court revoked his probation and sentenced him to five years as a habitual offender.
Mansfield contends that his sentence was illegal because the state did not file a written notice of habitualization. While a defendant must be given written notice of intent to habitualize prior to acceptance of a no contest plea, Ashley v. State, 614 So.2d 486 (Fla.1993); see Inmon v. State, 383 So.2d 1103 (Fla. 2d DCA 1980), petition for review denied, 389 So.2d 1111 (Fla.1980), the state’s failure to provide written notice here was harmless error. In the plea negotiation, Mansfield agreed to plead no contest in exchange for a sentence as a habitual offender. The written Acknowledgment and Waiver of Rights specifically states he understood that if the court accepted his plea, he would be habitualized. This fact distinguishes this case from Ashley, where, at the time the plea was accepted, the defendant had no personal understanding that he would be habitualized. 614 So.2d at 491. We therefore affirm Mansfield’s sentence as a habitual offender.
Mansfield next attacks his sentence because the trial judge conducted his plea and sentencing proceedings through the use of closed circuit television. Mansfield signed a waiver and agreed to enter a plea via video hookup, but the waiver did not address sentencing.
We have recently addressed this same issue based on a waiver containing the same language. Scott v. State, 618 So.2d 1386 (Fla. 2d DCA 1993). The facts in Scott and in this case are very similar. Both Scott and Mansfield had attorneys present during the videotape hearing, both were placed under oath by the trial judge, both received the precise sentences that they and their attorneys had negotiated and neither asked to withdraw his plea or showed any reason why such a request would be granted. For the reasons stated in Scott, we conclude that any error in accepting Mansfield’s plea and sentencing him via video hookup was harmless. We affirm.
As his final point on appeal, Mansfield asserts that scrivener’s errors in his sentence should be corrected. We agree. In case number 90-556, the court incorrectly imposed a five-year sentence for Count II and the written sentence incorrectly reflects that Mansfield was habitualized for Count I. On remand, these errors must be corrected. Mansfield need not be present for correction. Etlinger v. State, 577 So.2d 723 (Fla. 2d DCA 1991).
Affirmed with instructions to correct scrivener’s errors.
SCHOONOVER and THREADGILL, JJ., concur.