PER CURIAM.
The appellant, Anthony Carl Hannah (Hannah), moved for post-conviction relief on his convictions for robbery and burglary with an assault. At the time he entered his plea, Hannah agreed to be sentenced to twelve years with a ten-year mandatory minimum.
The sole claim raised in his motion for post-conviction relief was that his plea was involuntarily entered without understanding the consequences of being classified and sentenced as a habitual violent felony offender. The trial court summarily denied the motion for post-conviction relief. We affirm.
The plea colloquy from this ease, which was provided by the State, conclusively demonstrates that Hannah had notice of the State’s intent to habitualize him, and that he voluntarily entered his plea with a full understanding of the consequences of being sentenced as a habitual violent felony offender. Ashley v. State, 614 So.2d 486 (Fla.1993); Mansfield v. State, 618 So.2d 1385 (Fla. 2d DCA 1993); Brown v. State, 616 So.2d 1137 (Fla. 4th DCA 1993).
Accordingly, we affirm the order summarily denying post-conviction relief but remind the trial court that it is its responsibility to attach the portions of the record which conclusively refute the defendant’s allegations in a motion for post-conviction relief under Rule 3.850, Florida Rules of Criminal Procedure.
Affirmed.