The Honorable Ron Fields Prosecuting Attorney 12th Judicial Circuit Sebastian County Courthouse Fort Smith, AR 72901
Dear Mr. Fields:
This is in response to your request for an opinion on several questions regarding a defendant's participation in certain criminal proceedings by way of an audiovisual hookup between a detention facility and the courthouse. In the situation you describe, the defendant would be in a "video room" at the detention facility, while the judge and the prosecutor would be in a "video room" at the courthouse. Defense counsel might be present at either location. A real video and audio image would be transmitted between the two locations. With this in mind, you have asked:
 (1) Can a judge arraign a defendant through a video and audio setup without having the defendant personally present in front of the court?
 (2) Under this arrangement, should the defense counsel be required to be with the defendant or may he be in the "video room" with the judge during these procedures?
 (3) In which procedures would this be constitutionally acceptable?
(a) Arraignment?
(b) Bond setting?
 (c) Hearings on discovery, suppression, and other pretrial motions?
(d) Petition to revoke hearings?
(e) Trials by the court?
(f) Trials by jury?
Due to the relatively recent development of audiovisual procedures such as you describe, there is not much law regarding their use in criminal proceedings. The courts that have considered the issue have been concerned primarily with protection of the defendant's rights during such a procedure, specifically the defendant's right to be present during the court proceeding at issue and the defendant's Sixth Amendment right to counsel. See, e.g., Schiffer v. Florida, 617 So. 2d 357
(1993). In my opinion, a procedure such as the one you have proposed may be used only when the defendant's rights are adequately protected. While protecting the defendant's rights might be easily accomplished in certain preliminary criminal proceedings, it will more difficult to accomplish, if not impossible, in more involved proceedings, such as trials. Consequently, it is my opinion that while a court might approve of the proposed audiovisual procedure for certain preliminary proceedings, such as arraignment, it is unlikely that it would be approved for use in other, more involved proceedings, such as trials.
You have first asked whether a judge may arraign a defendant by way of the proposed audiovisual arrangement without the defendant being personally present before the court. Presently, Arkansas law does not provide for a defendant's participation in various criminal proceedings, including arraignment, by way of closed circuit television or other video/audio arrangement. Thus, it is not clear whether Arkansas courts would uphold such a procedure. In Valenzuela-Gonzalez v. U.S.D.C. for Arizona, 915 F.2d 1276
(9th Cir. 1990), the 9th Circuit Court of Appeals rejected the use of closed circuit television for arraignment, but the court's decision was based upon two federal rules of procedure requiring the defendant's presence during the proceeding. Arkansas law does not require the defendant's presence during arraignment. In fact, A.C.A. § 16-85-702 (1987) provides that arraignment is only required in cases of indictment for a felony and even then it may be dispensed with by the court, with the defendant's consent. Arkansas law thus appears to allow a defendant to waive not only his presence at the arraignment, but the proceeding altogether. Accordingly, it is my opinion that so long as a defendant consents to participate in his arraignment by way of the video/audio hookup you have described, and as long as his right to counsel is protected during the proceeding, a court would be inclined to uphold the procedure. See, e.g., Pennsylvania v.Terebieniec, 268 Pa. Super. 511, 408 A.2d 1120 (1979), wherein the Superior Court of Pennsylvania upheld an arraignment in which the defendant participated by closed circuit television, noting that the use of mechanical and electronic devices in pretrial proceedings can be beneficial and are permissible so long as they do not impair the rights of the accused. See also Williamsv. State, 578 So. 2d 846 (Fla. 4th DCA 1991), wherein a Florida court found no fundamental error with a defendant's participation in a sentencing proceeding via a video/audio arrangement, because the defendant had specifically agreed in writing to a video sentencing and was afforded an opportunity to speak privately with his attorney during the proceeding. But cf. Schiffer v.Florida, supra, wherein the Florida District Court of Appeals struck down a probation revocation proceeding in which the defendant participated via a video/audio arrangement, based upon the record's failure to reflect that the defendant had affirmatively waived his right to be physically present at the revocation proceeding and on the fact that the defendant was provided no means by which he could confer privately with counsel.
You have next asked whether, under the proposed arrangement, defense counsel should be required to be with the defendant or whether he may be with the judge in the courtroom. As I have just noted above, in Schiffer v. Florida the court held that denying a defendant the opportunity to confer privately with his counsel violates his right to counsel. An Arkansas court would presumably reach the same conclusion. Accordingly, unless some valid means can otherwise be provided for the defendant to confer privately with his counsel, the only way to avoid violation of the defendant's Sixth Amendment right to counsel is to have defense counsel present with the defendant during such a proceeding. A legitimate question might be raised, however, as to whether the defendant's right to counsel is adequately protected when counsel is outside the presence of the judge and the prosecuting attorney, particularly as the proceedings become more involved.
With regard to your third question, it is difficult to state with certainty whether the proposed audiovisual arrangement would be held constitutionally acceptable in other criminal proceedings, such as the ones you have listed. It seems that the procedure is most likely to be upheld in pretrial proceedings that do not involve the calling of witnesses. When witnesses become involved, the defendant's right of confrontation must also be considered, making the issue even more complicated. See, e.g., Marylandv. Craig, 497 U.S. 836 (1990) (discussing the limited circumstances in which closed circuit television may satisfy the confrontation clause). Similarly, if the defendant's presence is required during a particular proceeding, a court might not find the proposed audiovisual arrangement acceptable. See, e.g.,Valenzuela-Gonzalez v. U.S.D.C. for Arizona, supra; State v.Porter, 755 S.W.2d 3 (Mo.Ct.App. 1988); and State v. Kinder,740 S.W.2d 654 (Mo. 1987) (cases in which courts rejected the use of such audiovisual technology in criminal proceedings, finding that a video hookup between the courtroom and a conference room in the prison did not satisfy the requirement of the defendant's presence).[1] In my opinion, it is highly unlikely that such a procedure would be approved for a court or jury trial. A court might, however, uphold the defendant's participation via the proposed video/audio hookup in certain preliminary proceedings and possibly in revocation proceedings, so long as the defendant's rights are adequately protected.
The rights of a defendant most obviously affected by such a proceeding appear to be his or her right to be present at the proceeding and his or her right to counsel. If the defendant has a right to be present at the proceeding, as he does at all critical stages of the proceeding against him, Kentucky v.Stincer, 482 U.S. 730 (1987), his right to be present must be validly waived. As noted previously herein, the adequate protection of the defendant's right to counsel will probably require defense counsel to be located with the defendant during the course of the proceeding, although in more involved proceedings, it may be difficult to protect the defendant's right to counsel with counsel outside the presence of the judge and prosecuting attorney. Of course, any other constitutional or statutory rights enjoyed by the defendant that are implicated in a particular proceeding must be protected as well.
In summary, it is difficult to state with certainty whether an Arkansas court would uphold the proposed audiovisual arrangement in the various criminal proceedings you have asked about. While such a procedure might be upheld in certain preliminary proceedings, such as arraignments, so long as the defendant's rights are adequately protected, I find it highly unlikely that a court would approve of the procedure for all criminal proceedings.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Catherine Templeton.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] Following these cases, the Missouri legislature passed a law specifically authorizing the defendant's participation in certain criminal proceedings by closed circuit television. SeeGuinan v. State, 769 S.W.2d 427 (Mo. 1989).