629 So.2d 1059 (1994)
R.R., a Child, Petitioner,
v.
Gary PORTESY, Acting Superintendent, Leon Regional Juvenile Detention Center, and Honorable Charles D. McClure, as Circuit Judge, Second Judicial Circuit, in and for Leon County, Florida, Respondents.
No. 93-2869.
District Court of Appeal of Florida, First District.
January 3, 1994.
*1060 Nancy Daniels, Public Defender, and Josephine Holland, Asst. Public Defender, Tallahassee, for petitioner.
Robert A. Butterworth, Atty. Gen., and Charlie McCoy, Asst. Atty. Gen., Tallahassee, for respondents.
ZEHMER, Chief Judge.
R.R., a juvenile, petitions for a writ of habeas corpus or mandamus, challenging the validity of the secure detention order issued by the respondent judge based on the circuit court's use of a procedure whereby petitioner's presence at the juvenile detention hearing was accomplished by video-telephone while he remained at a location remote from the judge and counsel. Because the procedure used in this case has not been authorized by rule or statute, we disapprove the use of audio-visual technology under these circumstances.
Petitioner was charged with arson of a dwelling and taken into custody by law enforcement authorities. Shortly after he was placed in the Leon Regional Juvenile Detention Center, a juvenile detention hearing was held in the judge's chambers at the Leon County Courthouse in Tallahassee. Present in chambers with the judge were an assistant public defender representing petitioner, an assistant state attorney prosecuting the case, and an HRS employee. R.R. remained at the juvenile detention center and was not physically present at the detention hearing held in the judge's chambers. R.R.'s communication with the court and his counsel *1061 was by video-telephone.[1] The Public Defender had previously objected to the use of this procedure in other juvenile cases, and the trial court confirmed that R.R. had a standing objection to the use of the video-telephone in lieu of being physically present. The trial judge overruled petitioner's objection, just as he had done in prior cases, and at the conclusion of the hearing ordered R.R. held in secure detention. R.R. has filed the instant petition to challenge the legality of this procedure and the ensuing detention order, asserting that he was unlawfully deprived of his right to be physically present at the detention hearing in the judge's chambers.
While R.R. has been released from secure detention and the petition is now moot as to him, the issues presented are of sufficient importance and frequent recurrence to warrant our ruling on the legality of the procedure followed. As we stated in C.L.B. v. Jones, 381 So.2d 1178, 1179 (Fla. 1st DCA 1980):
The issues involve the fundamental right to liberty and are subject to repetition, not only as to numerous other children who have been and will be incarcerated in similar circumstances, but also as to petitioner herself since she remains in the status of a child committed to the Department under Chapter 39, Fla. Stat. These issues involve the duties and authority of public officials in the administration of the law, yet they consistently evade review, because of the relatively short periods of incarceration prior to the disposition of juvenile cases. For these reasons we will review the merits of this petition. Compare Walker v. Pendarvis, 132 So.2d 186 (Fla. 1961), and Ervin v. Capital Weekly Post, 97 So.2d 464 (Fla. 1957).
R.R. contends that holding him in secure detention is illegal because he was not afforded the opportunity to be physically present at the detention hearing. Specifically, he points out that Florida Rule of Juvenile Procedure 8.100 requires his presence at the detention hearing and argues that it means that he be physically present before the judge with his counsel.[2] He relies by way of analogy on similar language in Florida Rule of Criminal Procedure 3.180 ("the defendant shall be present" at specified hearings) that has been construed to mean the defendant must be "physically present." Schiffer v. State, 617 So.2d 357 (Fla. 4th DCA 1993); Seymour v. State, 582 So.2d 127 (Fla. 4th DCA 1991); and Jacobs v. State, 567 So.2d 16 (Fla. 4th DCA 1990). R.R. argues that the video-telephone procedure used in this case did not satisfy the requirement of physical presence, and further notes that no rule or statute authorizes the procedure used in this case.
The state acknowledges that the procedure employed in this case is not authorized by any specific rule of court or statute; however, the state defends the procedure with the argument that public policy is being served by using the video-telephone device despite the absence of express authority in a rule or statute. The state cites State v. Ford, 626 So.2d 1338 (Fla. 1993), as authority for the trial court to fashion and employ novel procedures to facilitate the disposition of cases so long as such procedures advance public policy and do not otherwise run afoul of existing law. The state argues that the procedure used in this case advances public policy, and *1062 that no law or rule, expressly or by implication, prohibits its use in these circumstances.
We conclude that petitioner's arguments have merit and reject the state's argument on this issue. We construe rule 8.100(a) to mean that the accused child is required to be physically present at all hearings held under the juvenile rules, except when there has been a waiver of the right to be present[3] or the court makes specific findings regarding the child's physical or mental condition that precludes physical presence. Since neither of these exceptions occurred in this case, the video-telephone procedure failed to comply with the rule's requirements.
We reach this decision primarily by reference to the express language in rule 8.010.[4] The rule sets forth the requirements for a detention hearing and makes abundantly clear that an accused juvenile has the right to be present at the hearing and the right to consult with and be represented by counsel. The rule contemplates that evidence will be taken to enable the judge to determine the issues described in 8.010(f), and the accused juvenile is accorded the right to participate and challenge the evidence on which the state relies in its presentation. Thus, we believe that the rationale underlying the decisions in Schiffer v. State, 617 So.2d 357 (Fla. 4th DCA 1993), Seymour v. State, 582 So.2d 127 (Fla. 4th DCA 1991), and Jacobs v. State, 567 So.2d 16 (Fla. 4th DCA 1990) construing rule 3.180 to mean that a defendant's physical presence is required at a hearing, applies with equal force in deriving the meaning of rules 8.010 and 8.100. The matter to be determined in a rule 8.010 detention hearing is whether the accused juvenile will remain at liberty, while several of the hearings described in rule 3.180 involve far less serious matters. Illustrative of that rationale is the following discussion:
Appellant was in jail at the time of sentencing. His attorney and the sentencing judge were in the courtroom. Communication was accomplished through closed-circuit television. Such an arrangement is not authorized by rule or statute and is consequently fatally and fundamentally flawed. Rule 3.180(a)(9), Florida Rules of Criminal Procedure, provides that a defendant shall be present at the pronouncement of judgment and the imposition of sentence. This is essential to permit the defendant to confer with his counsel privately and to have the benefit of his advice. Further, the rules specifically permit communication by way of audiovisual video camera at first appearances and at the arraignment stage of proceedings. Fla. R.Crim.P. 3.130(a) and 3.160(a). Failure to include sentencing as an exception to the "personally present" requirement cannot be deemed mere oversight.
Jacobs, 567 So.2d at 16, 17.
There has been no showing in this case that the video-telephone procedure allowed R.R. to confer with counsel in private during the hearing. Nor is there any rule or statute that authorizes the use of audio-visual technology as a substitute for the personal *1063 presence of the juvenile at the hearing. No order of the supreme court authorizing this procedure as a pilot project is even suggested to exist. Absent R.R.'s personal voluntary consent to the use of this technology as a substitute for his personal appearance at the hearing, the trial court should not have used the video-telephone without first seeking and obtaining an order from the supreme court that would authorize its use on a trial basis. While the courts must inevitably adapt to the use of new technology, significant changes in procedure should be subjected to the critical review accorded by the supreme court's rule-making process or the legislative hearing process before such changes are adopted as law. This is especially true when dispensing with the accused's presence at a hearing and the clear language of a rule requires such presence. Any substitute procedure for an accused's personal participation in a hearing and the right to confront witnesses must insure compliance with the accused's due process rights.
We decline to broadly read the supreme court's decision in Ford as authorizing the audio-visual procedure used in this case as a substitute for the accused's presence at the detention hearing. In Ford, the trial court allowed a child who witnessed a murder to present her testimony by videotape, relying on sections 92.53 and 92.54, Florida Statues (1989), as authority for doing so. Those sections authorize the use of videotape or closed circuit television for the presentation of a child's testimony in cases involving sexual abuse, child abuse, or sexual offenses against victims under the age of 16. Although finding the use of the videotape procedure in Ford was improper, the supreme court stated that "absent appropriate authority a trial court in a criminal case may employ a procedure if necessary to further an important public policy interest." Id. at 1340. In Ford, the public policy interest in protecting child witnesses from harm when giving testimony in certain situations was established by statutory enactments. Even though the statutes dealt specifically with child sexual abuse cases, the court approved the use of similar protection in a murder case based on a showing that the child witness would suffer harm if compelled to testify in the direct presence of the defendant in the courtroom.
In Ford a clearly defined public policy to protect young witnesses from harm when testifying in the presence of the accused was firmly established by legislative enactments, and procedural safeguards were included in the statutes to insure against the deprivation of the accused's constitutional rights. The unique circumstances of that case provided an opportunity to apply that clearly defined public policy to achieve the same result in a murder case rather than a sexual battery or child abuse case. Nothing of the sort has occurred in the case now before us. Here, there were no detailed procedures outlined and followed to insure that the juvenile was being accorded his constitutional right to counsel and the right to personally participate in the evidentiary hearing. Moreover, the use of the video-telephone in this case was not a single instance of an attempt to avert potential harm to a participant at the hearing; rather, it was being uniformly used in all juvenile cases in this circuit court even though no compelling public interest was explicated and shown to be served by it. Indeed, if avoidance of the transfer of the accused juvenile to the Leon County Courthouse in order to attend the hearing was the underlying reason for using this procedure, there was no showing that the detention hearing could not just as well have been held at the juvenile detention center.
By this decision we do not intend to offer any view on the feasibility of using such technology to improve the efficiency of the court system. Nor do we intend to discourage the investigation and use of innovative techniques that can enhance the efficiency of court procedure. We only hold that the use of video-telephones for juvenile detention hearings is a substantial change in policy which should not be made sua sponte by a trial court, but should be developed and approved through the rule-making authority of the Florida Supreme Court or through the legislative process. In contrast to the circumstances in Ford, no such policy concerning juvenile defendants has been developed by the Florida Legislature or the Supreme Court.
*1064 To summarize, the use of the video-telephone in these circumstances was contrary to the requirements of existing rules, and was not authorized by any statute, rule or order of the supreme court. For these reasons, petitioner's detention under the detention order that ensued from the hearing at which R.R. was only permitted to participate via video-telephone was illegal and void. As petitioner R.R. has already been released from detention, however, the petition for habeas corpus or mandamus is now moot and must be denied.
Currently, at least 30 petitions similar to R.R.'s petition raising the identical issue are now pending in this court. Our opinion and decision in this case is controlling on the disposition of those cases, and they will be disposed of by unpublished order. In the cases where the petitioner has already been released from detention, relief will be denied as moot. In the cases where petitioner remains under detention pursuant to an order entered without petitioner having been accorded the right to be physically present at the detention hearing, the detention order will be vacated as illegally obtained with directions that the petitioner be given a new detention hearing or be released immediately if such hearing is not provided forthwith.
BOOTH and JOANOS, JJ., concur.
NOTES
[1] The record does not contain any detailed description of the equipment and how it was used (i.e., the size of the video screen, who or what was shown on the screen, or how much of the proceedings could be heard on the telephone).
[2] Rule 8.100 provides in pertinent part:

Unless otherwise provided, the following provisions apply to all hearings:
(a) Presence of the Child. The child shall be present unless the court finds that the child's mental or physical condition is such that a court appearance is not in the child's best interests.
(b) Absence of the Child. If the child is present at the beginning of a hearing and shall thereafter during the progress of the hearing voluntarily absent himself or herself from the presence of the court without leave of the court, or is removed from the presence of the court because of disruptive conduct during the hearing, the hearing shall not thereby be postponed or delayed, but shall proceed in all respects as if the child were present in court at all times.
[3] Such waiver must be made personally by the accused, not by counsel for the accused. See R.D.M. v. State, 626 So.2d 1088 (Fla. 1st DCA 1993).
[4] Rule 8.010 sets forth the requirements for a detention hearing and provides in part:

(a) When required. No detention order provided for in rule 8.013 shall be entered without a hearing at which all parties shall have an opportunity to be heard on the necessity for the child's being held in detention, unless the court finds that the parent or custodian cannot be located, or that the child's mental or physical condition is such that a court appearance is not in the child's best interest.
* * * * * *
(e) Advice of Rights. At the detention hearing the persons present shall be advised of the purpose of the hearing and the child shall be advised of:
(1) the nature of the charge for which he or she was taken into custody;
(2) the right to be represented by counsel and if insolvent the right to appointed counsel;
(3) that the child is not required to say anything and that anything said may be used against him or her;
(4) if the child's parent, custodian, or counsel is not present, that he or she has a right to communicate with them and that, if necessary, reasonable means will be provided to do so; and
(5) the reason continued detention is requested.