STEVENSON, Judge.
We reverse appellant’s sentence in case no. 92-7417 because he was not furnished written notice of the state’s intent to seek enhanced penalties against him pursuant to the habitual offender statute prior to entry of his pleas of guilty. Ashley v. State, 614 So.2d 486 (Fla.1993). The appellee relies on Mansfield v. State, 618 So.2d 1385 (Fla. 2d DCA 1993), as authority for its contention that the failure to provide written notice may be harmless error. Mansfield is distinguishable from this case, however, because there the defendant signed a written plea agreement in which he specifically stated that he understood that if the court accepted his plea that he would be habitualized. In the case at bar, the plea was not entered pursuant to an agreement and appellant did not sign any waivers. The appellant must be resentenced in case no. 92-7417 without habitual offender classification. Ashley.
The state concedes that a ministerial error appears in the written sentence as it does not correspond to the court’s oral pronouncements at the hearing. The trial court orally sentenced appellant to six months in the county jail on Count II in case no. 91-13730 to run consecutively to Count I in case no. 92-7417. The written sentence reflects that the jail sentence is to run consecutively to case no. 92-7417, without specifying Count I. This correction is especially significant because appellant was sentenced to ten years in prison on Count I and ten years probation on Count II in case no. 92-7417.
We affirm appellant’s sentence as a habitual offender in case nos. 92-1018 and 91-13730 despite the trial court’s failure to make requisite statutory findings, pursuant to sections 775.084(1)(a)1. and 2., Florida Statutes (1991). The record reflects that this error was harmless. Herrington v. State, 622 So.2d 1339 (Fla. 4th DCA 1993) (en banc); Dacosta v. State, 625 So.2d 1317 (Fla. 4th *369 DCA 1993). We again certify to the Supreme Court the question certified in Her-rington.
Accordingly, we affirm in part, reverse in part and remand for resentencing and correction of clerical errors.
HERSEY and POLEN, JJ., concur.