FARMER, Judge.
A former husband appeals a judgment of indirect criminal contempt for violating a permanent injunction against contacting his ex-wife. He was accused of communicating with her through a third party. A show cause order was entered and then a contempt hearing was held. Defendant, who was serving time at the Lawtey Correctional Institution, was not physically present in the court for the hearing; rather, he listened to the proceeding via a speakerphone. The trial judge found him guilty and sentenced him to 45 days in jail, consecutive to the sentence he currently serves. No court reporter was present, but defendant’s public defender, the assistant state attorney and the trial judge prepared a stipulated record of the proceeding.
Persons accused of criminal contempt are as much entitled to basic constitutional rights as those accused of violating criminal statutes. Andrews v. Walton, 428 So.2d 663, 665 (Fla.1983). Florida Rule of Criminal Procedure 3.840 expressly provides that, in indirect criminal contempt proceedings, due process requires that the alleged contemnor be afforded a reasonable opportunity to meet the contempt charge by defense or explanation, to be represented by counsel and to testify and call other witnesses in his own behalf.
In Schiffer v. State, 617 So.2d 357 (Fla. 4th DCA 1993), overruled on different grounds, Franquiz v. State, 682 So.2d 536 (Fla.1996), the defendant was heard at his probation revocation hearing via a video-audio arrangement while he was physically located elsewhere, and the trial court sentenced him to a prison term. In reversing the sentence in Schiffer, we held that the defendant had a right to be physically present at the revocation hearing, unless he had formally waived his own presence on the record. Moreover, we held that defendant’s right to counsel was violated by the video-audio arrangement because he had no means to confer privately with counsel. Id. See Jacobs v. State, 567 So.2d 16 (Fla. 4th DCA 1990) (error to sentence in absence of defendant who was in jail at time of sentencing viewing proceedings by closed circuit television).
Similarly, defendant here was not physically present in the court during the criminal contempt hearing and sentencing. The defendant listened to the proceeding via a speakerphone and did not have the means to confer privately with his lawyer. Rule 3.180(a)(9), Florida Rules of Criminal Procedure, provides that in all prosecutions defendant shall be physically present at the pronouncement of judgment and imposition of sentence. This is essential to permit the defendant to confer privately with his attorney and to have the benefit of his advice. The stipulated record of the proceeding below lacks any showing that defendant waived his right to be physically present at the hearing.
It follows that defendant’s conviction and sentence must be, and is,
REVERSED.
GUNTHER, C.J., and POLEN, J., concur.