HAZOURI, J.
After a jury trial, Scott Mulvaney (Mul-vaney), was convicted of aggravated fleeing and eluding, aggravated assault on a law enforcement officer, battery on a law enforcement officer, resisting with violence, and no valid driver’s license. During his sentencing hearing, the trial court removed Mulvaney due to disruptive behavior and completed the sentencing via closed circuit television in the courthouse. Mulvaney is appealing the judgment and sentence on the basis that conducting the sentencing through closed circuit television violated his right to be present. We affirm.
During the sentencing hearing, Mulva-ney addressed the court on his own behalf. Throughout this time, he repeatedly told the court that the trial was unfair, that the police officers had lied on the stand and that he was innocent of the charges. At many points he was rambling incoherently about evidence that the State had presented and how the State’s allegations could not possibly be true. In addition, he complained about his trial counsel and requested a new trial with new counsel. At one point, he called the officer who testified at his trial a “moron.”
After a brief recess, the sentencing hearing continued and the court allowed Mulvaney to continue addressing the court. He kept repeating the same themes over and over again: his trial was unfair, the State’s witnesses lied, he was innocent of all the charges. Due to Mulva-ney’s continued allegations of ineffective counsel, the court attempted to hold a Nelson hearing.[1] The court tried to get Mulvaney to make directed statements in order to get his point across, but Mulvaney continued to ramble. The court gave Mul-vaney multiple warning and numerous opportunities to “get to the point.” Finally, *779 the court made a finding that his counsel had rendered exceptional assistance of counsel during the proceedings and informed Mulvaney that the court found him to be interfering with the “orderly administration of justice by continuing to ramble.”
The court then gave the Assistant State Attorney an opportunity to address the court. Mulvaney interrupted her numerous times and refused to let the court conduct the hearing. He called her a liar multiple times. The court noted for the record that his voice was raised. Mulva-ney called the trial judge a racist and compared him to Hitler. The court threatened to use a stun belt if Mulvaney could not conduct himself in a reasonable manner. However, Mulvaney continued to yell at various people in the courtroom.
The court then told Mulvaney that he would be removed from the courtroom and his sentencing would be continued through closed circuit television if he would not control his behavior. Mulvaney continued to argue with the court until he was escorted out. His sentencing was completed through closed circuit television through which Mulvaney could view the proceedings from another room in the courthouse. The court adjudged Mulvaney a habitual felony offender and sentenced him to concurrent sentences of thirty years and ten years.
Florida Rule of Criminal Procedure 3.180(a)(9) provides that a defendant shall be present at the pronouncement of judgment and the imposition of sentence. Fla. R.Crim. P. 3.180(b) provides that a defendant is present for purposes of this rule if the defendant is physically in attendance for the courtroom proceeding, and has a meaningful opportunity to be heard through counsel on the issues being discussed. It is error for a trial court to conduct a sentencing hearing via closed circuit television without the defendant’s written consent. Seymour v. State, 582 So.2d 127, 128 (Fla. 4th DCA 1991). In addition, this court has recognized that it is essential that a defendant have the opportunity to engage in personal and private conference with his counsel to resolve the numerous problems and misunderstandings that can develop during the course of pretrial proceedings. Id.
Mulvaney argued that since he did not sign a waiver, waiving his right to be present, that his sentencing violated his rights. We disagree. Mulvaney voluntarily waived his right to be present by his disruptive behavior. Fla. R.Crim. P. 3.180(c) provides that if a defendant voluntarily absents himself from the presence of the court without leave of court, or is removed from the presence of the court because of disruptive conduct during the trial, the proceeding shall continue as though the defendant were present. See Capuzzo v. State, 596 So.2d 438 (Fla.1992) (holding that Fla. R.Crim. P. 3.180(c) also applies to sentencing hearings).
We find that Mulvaney’s repeated insults to the police officers, the trial judge and the assistant state attorney, in addition to his consistent interruptions and disruptive behavior constitute sufficient grounds to remove him from the court room. See also Knight v. State, 746 So.2d 423 (Fla.1998).
We find that the trial court did not abuse its discretion in removing Mulvaney from the court room and completing the sentencing through closed circuit television. To the contrary, Judge Cohn went to great lengths to assure Mulvaney of due process. In the face of extremely disruptive behavior, including personal insults directed at the trial judge, Judge Cohn displayed remarkable restraint. We applaud Judge Cohn for allowing Mulvaney *780 so many opportunities to address the court and allowing him numerous opportunities to conduct himself in an appropriate manner. There is more than sufficient record evidence to support the trial court’s decision that Mulvaney’s disruptive behavior constituted a waiver of his right to be present.
AFFIRMED.
POLEN, C.J., and GUNTHER, J., concur.

. Nelson v. State, 274 So.2d 256 (Fla. 4th DCA 1973) (establishing the procedure to be followed when a defendant seeks to discharge his court appointed counsel on grounds of ineffective assistance).