603 So.2d 535 (1992)
William PALMER, Appellant,
v.
STATE of Florida, Appellee.
No. 91-1962.
District Court of Appeal of Florida, Fourth District.
July 8, 1992.
Richard L. Jorandby, Public Defender, and Robert Friedman, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Michelle A. Smith, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
We reverse the trial court's final order which revoked appellant's probation because he "was arrested for Trespassing." See Hines v. State, 358 So.2d 183 (Fla. 1978) (trial judge cannot revoke probation solely upon proof that probationer had been arrested); *536 In re A.R., 554 So.2d 640 (Fla. 4th DCA 1989).
We note that appellant failed to make a contemporaneous objection to the trial court taking judicial notice of the probable cause affidavit for the trespassing incident. However, the relevant count of the "corrected and amended" affidavit for violation of probation also only alleged appellant "was arrested for Trespassing." "An affidavit upon which a permanent revocation is to be based must allege the basic facts concerning the alleged violation, such as its nature, time, and place of occurrence." Hines, 358 So.2d at 185. Thus, we hold that the state's failure to allege appellant committed a trespass constituted fundamental error. See Hope v. State, 588 So.2d 255 (Fla. 5th DCA 1991) (failure of an information to allege essential elements of criminal offense constitutes fundamental error).
Accordingly, we remand with directions to the trial court to reinstate appellant's probation.
REVERSED AND REMANDED WITH DIRECTIONS.
LETTS, J., ALDERMAN, JAMES E., Senior Justice and OWEN, WILLIAM C., Jr., Senior Judge, concur.