799 So.2d 391 (2001)
Shawn LANGBAUM, Appellant,
v.
STATE of Florida, Appellee.
No. 4D00-763.
District Court of Appeal of Florida, Fourth District.
November 14, 2001.
Kayo E. Morgan, Fort Lauderdale, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Frank J. Ingrassia, *392 Assistant Attorney General, Fort Lauderdale, for appellee.

EN BANC
FARMER, J.
In Hines v. State, 358 So.2d 183, 185 (Fla.1978), our supreme court held that probation may not be permanently revoked upon a mere arrest.[1] Several years later we relied on that decision in Palmer v. State, 603 So.2d 535 (Fla. 4th DCA 1992), and found fundamental error where a violation of probation (VOP) charging document alleged merely that defendant has been arrested. Moreover we remanded the case with instructions to reinstate probation, rather than to allow an amended charging document and a new hearing. We reasoned that because an Information must allege all the essential elements of the criminal offense charged,[2] a VOP charging document must necessarily be similarly precise and that imprecision results in exoneration. Today we retreat from the holding in Palmer.
In the case we confront today, defendant was serving probation as a youthful offender when he was charged with multiple counts of VOP. We are here concerned with only the first count charging him with having been arrested for driving under the influence (DUI).[3] The VOP charging document did not specifically allege each of the elements of the offense of DUI and said nothing as to whether he had been convicted of the charge for which he had been arrested. At the revocation hearing, defendant objected to any testimony beyond the mere fact that he was arrested, but the court permitted other evidence. A police officer testified that he arrested defendant for DUI. Defendant admitted in his testimony that he was thereafter convicted on the DUI charge following a jury trial. The trial judge found him guilty of the violation and permanently revoked his probation. On appeal he argues that probation cannot be permanently revoked on the basis of a charge of mere arrest.
Our reasoning in Palmer is contained in the following portion of what is a very brief opinion:
"`An affidavit upon which a permanent revocation is to be based must allege the basic facts concerning the alleged violation, such as its nature, time, and place of occurrence.' Hines, 358 So.2d at 185. Thus, we hold that the state's failure to allege appellant committed a trespass constituted fundamental error. See Hope v. State, 588 So.2d 255 (Fla. 5th DCA 1991) (failure of an information to allege essential elements of criminal offense constitutes fundamental error)." [e.o.]
603 So.2d at 536. We now conclude that this rationale was incorrect.
We read too much into the supreme court's holding in Hines. There the court made clear that the VOP charging document need not contain the precision and detail that an information must bear:

*393 "an allegation concerning the commission of a crime need not be set forth with the specificity required in criminal indictments and informations. The primary goal is notice comporting with minimal due process rights. If a probationer needs additional information in order to properly prepare a defense to the charges, the various methods of discovery under our rules are available to him.
358 So.2d at 185. Moreover, Hines also holds that the sufficiency of the VOP charging document is subject to harmless error analysis:
"In this case, however, we find this to be harmless error since the record shows that the probationer clearly had actual notice of the charges, that he was arrested near the scene of the crime shortly after its occurrence, and that he made a confession to his involvement. There was no violation of the probationer's due process rights. Petitioner's probation was revoked upon adequate proof of burglary for which he was arrested by Deputy Blosser on 3/13/76. The circumstances here are not comparable to those cases in which a person's probation has been revoked based upon proof of charges other than those with which he was notified in the affidavit of violation."
358 So.2d at 185-86. In today's case the record refutes the argument that probation was revoked on the basis of proof of charges different from the one for which defendant was notified in the VOP charging document.
Hines makes clear that mere deficiencies in the VOP charge are not per se reversible error, so long as the VOP charge gives the probationer fair notice as to the actual criminal act sought to be used as the basis for the revocation. In Maselli v. State, 446 So.2d 1079, 1080-81 (Fla. 1984), the court held that a conviction, even one based upon a plea of guilty or nolo contendere, is a lawful basis for revocation of probation. In the present case, even though the VOP charge alleged merely an arrest, it specified the precise offense for which the probationer had been arrested.
Defendant expressed no doubt at the VOP hearing as to what he was accused of doing to warrant revocation of his probation. While the VOP charging document might be deemed technically deficient in failing to state that he drove an automobile on the public highways of Florida while under the influence of alcohol or drugs in violation of law, it did state that he was arrested for that offense. As we have already said, this is not a case in which defendant was charged with being arrested for one offense while his probation was revoked for another offense not mentioned in the VOP charge. The VOP charge was supported by testimony that he was in fact convicted of precisely the offense stated in the VOP charge as the basis for the arrest. Any error in the charging document was indubitably harmless.
We therefore recede from Palmer and affirm defendant's revocation of probation.
POLEN, C.J., DELL, GUNTHER, STONE, WARNER, KLEIN, STEVENSON, SHAHOOD, GROSS, TAYLOR and HAZOURI, JJ., concur.
NOTES
[1] At that time, section 949.10 provided that an arrest was prima facie proof of a violation of probation. The Legislature repealed the provision and replaced it with section 948.06, which now merely provides that upon an arrest the arresting officer shall notify the probation officer.
[2] See Fla.R.Crim.P. 3.140(d)(1) ("Each count of an indictment or information on which the defendant is to be tried shall allege the essential facts constituting the offense charged. In addition, each count shall recite the official or customary citation of the statute, rule, regulation, or other provision of law that the defendant is alleged to have violated.").
[3] See § 316.193, Fla. Stat. (2000). The remaining counts involved other traffic infractions.