855 So.2d 1260 (2003)
David RAY, Appellant,
v.
STATE of Florida, Appellee.
Nos. 4D02-2328, 4D02-2361.
District Court of Appeal of Florida, Fourth District.
October 15, 2003.
Carey Haughwout, Public Defender, and Louis G. Carres, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Joseph A. Tringali, Assistant Attorney General, West Palm Beach, for appellee.
POLEN, J.
This is a consolidated appeal by David Ray, from two cases in which the trial court revoked probation. Both of Ray's underlying cases involved robbery with a firearm, in which he served a four-year term of incarceration and was in the process of serving his two years of probation. On May 30, 2002, Ray entered a no contest plea to a charge of possession of cocaine, reserving his right to appeal the trial court's denial of his motion to suppress the cocaine. Following his plea, Ray was sentenced *1261 to 25.65 months of incarceration. The following day, May 31, 2002, Ray was again in court for a hearing regarding two affidavits of violation of probation previously filed by the State. The affidavits charged Ray with (1) testing positive for cannabis, and (2) failing to report weekly until he had obtained gainful employment. The same trial court presided over both hearings. At the VOP hearing, the trial court noted that the factual basis for accepting Ray's plea to the violations of probation was based upon the earlier plea to possession of cocaine as a new violation of law. The trial court detrimentally relied upon incorrect statements from counsel and was thus under the impression that the VOP affidavits had been amended to include the new law violation. In fact, no such amended affidavits had ever been filed with the court. Due to ambiguities in the record, it is difficult to attribute blame to either party for this misrepresentation to the court. After the court accepted the pleas to the violations of probation, it imposed sentences of 131.25 months on each of the probation cases. While this appeal was pending, this Court reversed the trial court's denial of Ray's motion to suppress. Ray was thereby discharged on the offense of possession of cocaine.
Ray's primary argument on appeal is that his due process rights were violated by the trial court's acceptance of VOP pleas which included a stipulation of a new law violation that was not contained in the affidavit of violation. "It is error for a trial court to revoke probation even for a conceded violation when the probationer has been charged with a different violation altogether." N.L. v. State, 825 So.2d 509, 510 (Fla. 1st DCA 2002); see Joseph v. State, 615 So.2d 833 (Fla. 4th DCA 1993) (holding revocation of probation may not be based upon violation not charged in affidavit); Richardson v. State, 694 So.2d 147, 147 (Fla. 1st DCA 1997) (holding revocation of defendant's probation based on violation not alleged in charging document is a deprivation of right to due process of law). Such error by the trial court constitutes fundamental error. Dulaney v. State, 735 So.2d 505 (Fla. 1st DCA 1999) (where there has been revocation of probation for conduct not charged, the state has conceded that the error is fundamental); Smith v. State, 738 So.2d 433, 435 (Fla. 1st DCA 1999) (holding revocation of probation on grounds never alleged in writing violates due process and is fundamental error).
This case is dissimilar from the situation where an affidavit alleges a particular offense, but the probationer is actually convicted of a lesser included offense. See Thomas v. State, 634 So.2d 276 (Fla. 4th DCA 1994) (holding that an affidavit of violation alleging that probationer resisted arrest with violence, when he was actually convicted of resisting arrest without violence, did not preclude a finding that he was guilty of violating his probation). Ray's revocation was based on a charge altogether different from that which the trial court relied upon as a factual basis for the revocation. Moreover, we find the invited-error doctrine to be inapplicable. See Norton v. State, 709 So.2d 87, 94 (Fla. 1997) (holding an unsolicited comment is not "invited" where it is unresponsive to the question asked, but in an unsuccessful attempt to make a point on cross-examination, an answer in response to a question defense counsel asked "invited" the witnesses' response); Terry v. State, 668 So.2d 954, 962 (Fla.1996) (holding as an example of invited error, "an appellant may not complain of action taken by the trial court on his own motion, such as a motion for transfer of the case from equity to law in the trial court, or of evidence that he himself has introduced"). Ray made no *1262 motion for the court to consider, nor did he invite the error in any other manner. Ray simply stipulated to a plea that he entered the previous day before the same presiding judge.
We next consider the issue of prejudice. The State invites our attention to Colson v. State, 717 So.2d 554 (Fla. 4th DCA 1998), where this Court affirmed a defendant's conviction in spite of the fact that the defendant had been prosecuted using an unsigned information. This Court reasoned that Colson had not been prejudiced and stated that a "defendant may not thwart the ends of justice by sitting on a technical defect which has occasioned him no prejudice, holding it in reserve as a trap to spring on the State in the event the jury renders an adverse verdict." Id. at 556 (citing Asmer v. State, 416 So.2d 485, 487 (Fla. 4th DCA 1982)). At bar, there was no technical defect with the affidavit of violation of probation. Rather, the complained of error occurred by the trial court's detrimental reliance on charges which were wholly absent from the affidavit. As such, Colson is distinguishable. It cannot be said that Ray suffered no prejudice. Had the trial court not been misled, it is uncertain whether Ray's probation would have been revoked. Moreover, with the benefit of hindsight, Ray clearly suffered prejudice in light of this Court's reversal of the trial court's denial of his motion to suppress.
Consequently, we hereby reverse the trial court's revocation of probation. The State may again proceed on the original affidavit of violation, or may seek to amend the affidavit if such is appropriate.
WARNER and STEVENSON, JJ., concur.