891 So.2d 1186 (2005)
Anthony DAVIS, Appellant,
v.
STATE of Florida, Appellee.
No. 4D03-3578.
District Court of Appeal of Florida, Fourth District.
February 2, 2005.
*1187 Carey Haughwout, Public Defender, and John M. Conway, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Melanie Dale Surber, Assistant Attorney General, West Palm Beach, for appellee.
STONE, J.
We reverse an order revoking Davis' probation for felony battery and remand for further proceedings. The trial court erred by finding Davis guilty of violating his probation where three of five charges are founded on an amended affidavit that was not filed.
The filed probation violation affidavit and warrant charge two substantive violations, trespass after warning and resisting arrest without violence. At the beginning of the VOP hearing, the probation officer advised the court that there was an "amended, updated" warrant which included allegations that Davis violated probation conditions by failing to complete a G.E.D., failing to complete an anger management program, and failing to complete a psychological evaluation. However, the amended charging document was never presented or filed, other than by reference during oral argument.
The trial court found that Davis had violated his probation on the substantive charges and also found that he had been given "ample opportunity to comply" with both the anger management course requirement and the psychological evaluation requirement.
As a fundamental principle of due process, a revocation may be based only on a violation alleged and presented. See State v. Anderson, 537 So.2d 1373 (Fla.1989); Crum v. State, 286 So.2d 268 (Fla. 4th DCA 1973). Although this issue was not raised in the trial court, a revocation *1188 of probation "based on a violation not alleged in the charging document is a deprivation of the right to due process of law.... A contemporaneous objection [is] not required [to preserve the issue for appellate review] because a deprivation of the right to due process is a fundamental error." Nagel v. State, 758 So.2d 1206, 1208 (Fla. 4th DCA 2000). See also Palmer v. State, 603 So.2d 535, 536 (Fla. 4th DCA 1992).
Here, although the transcript indicates that the court was advised of the amended charges, as there is a reference to counts VI and VII, there is no indication that an amended document of any kind was furnished to either Davis or the court. Further, there is no way this court can review a document which is not part of the trial court record. In Ray v. State, 855 So.2d 1260, 1261 (Fla. 4th DCA 2003), we recognized that it "is error for a trial court to revoke probation even for a conceded violation when the probationer has been charged with a different violation altogether." Ray (citing to N.L. v. State, 825 So.2d 509, 510 (Fla. 1st DCA 2002)).
We recognize that a defendant is not permitted to rely upon a technical defect which has "occasioned him no prejudice." Ray, 855 So.2d at 1262. See also Gerlaugh v. Fla. Parole Comm'n, 139 So.2d 888 (Fla.1962); Montanez v. State, 630 So.2d 1163 (Fla. 3d DCA 1993) (failure of an assistant state attorney to sign); Dobson v. State, 434 So.2d 332 (Fla. 3d DCA 1983) (unsigned information). See also 3.140(g), Fla. R.Crim. P. The circumstances here, however, go beyond such "technical" defects.
We remand for modification and for the trial court to determine whether it would have violated Davis' probation for the two substantive violations alone. As to all other issues raised, we find no reversible error or abuse of discretion.
FARMER, C.J. and TAYLOR, J., concur.