POLEN, J.
Appellant, Tameka Johnson, has timely appealed the revocation of her probation, arguing that the trial court revoked her probation on a charge not alleged in the affidavit and then failed to make sufficient factual findings to support such a revocation. We agree as to both grounds and reverse for the reasons that follow.
In December 2001, Johnson received a withheld sentence and two years probation after entering a no-contest plea to Battery on a Law Enforcement Officer. In September 2002, the State filed an Affidavit of Violation of Probation alleging that she committed a new law violation (Count I), namely robbery of less that $300, and three separate violations for failure to pay court costs and public defender fees. The State filed several affidavits for failure to comply with pretrial release, all of which involved tampering with her electronic monitoring device. However, the record on appeal does not reflect any amended or additional Affidavit of Violation of Probation. On June 26, 2003, the trial court dismissed Count I of the Affidavit of Violation of Probation. Finally, on October 9, 2003, the trial court held the violation of probation hearing.
The testimony material to the trial court’s ultimate decision to revoke probation was by Mary Ann Holmes and Tara Lanier. Both witnesses testified about an incident that occurred in March 2003. According to Holmes, Johnson was in a car and followed the witnesses’ car and harassed them. When both cars were stopped, Holmes claimed that Johnson jumped out and smashed their windows with a metal baseball bat. Lanier likewise corroborated Holmes’ story. Contrarily, Johnson and her sister testified, acknowledging the incident, but claiming that Holmes and Lanier were the aggressors doing the chasing. The evidence is undis *438 puted, however, that when Johnson’s car was eventually stopped by the police, no bat was ever recovered.
At the conclusion of the hearing, the trial court found Johnson guilty of violating her probation, and sentenced her to the bottom of the guidelines, 39.3 months in Florida State Prison. Johnson asked specifically on which count the trial court was revoking and also whether the trial court found that she was able to pay the unpaid fees. The trial court responded: “I am finding her in violation based on the facts of a new crime.” Johnson failed to object that her probation was revoked based on a charge not alleged in the affidavit. The trial court entered a written order conforming to its oral pronouncement.
The trial court abused its discretion and violated Johnson’s due process rights by revoking her probation for a charge not alleged in the affidavit. The affidavit of violation alleged a new law violation for robbery[1] in September 2002, but failed to include any allegation of a new law violation arising out of the incident occurring in March 2003. In fact, the trial court made abundantly clear that the factual basis for revoking Johnson’s probation was a new law violation. However, the only new law violation which was addressed during the revocation hearing was that arising out of the uncharged March 2003 incident. Likewise, the new law violation based on robbery which was charged in the affidavit had already been dismissed by the trial court.
Although Johnson failed to contemporaneously raise this issue during the revocation hearing, revoking probation based on an allegation not charged in the affidavit of violation of probation constitutes fundamental error. See Howard v. State, 883 So.2d 879 (Fla. 4th DCA 2004); Ray v. State, 855 So.2d 1260, 1261 (Fla. 4th DCA 2003). The State acknowledges that it is a due process violation to revoke probation for violations not alleged in the affidavit of violation of probation, but attempts to distinguish the case sub judice by arguing that Johnson had actual notice that the State was proceeding on the basis of the March 2003 incident. In support of this argument, the State primarily relies on Langbaum v. State, 799 So.2d 391 (Fla. 4th DCA 2001).
In Langbaum, probation was revoked based on a new law violation, namely DUI, although the violation was not titled as such. The affidavit, while merely alleging an arrest, did in fact specify the precise offense for which the probationer had been arrested. Id. at 393. Langbaum challenged the sufficiency of the affidavit, arguing that probation cannot be permanently revoked on the basis of a charge of mere arrest. This court held:
[E]ven though the VOP charge alleged merely an arrest, it specified the precise offense for which the probationer had been arrested. Defendant expressed no doubt at the VOP hearing as to what he was accused of doing to warrant revocation of his probation. While the VOP charging document might be deemed technically deficient in failing to state that he drove an automobile on the public highways of Florida while under the influence of alcohol or drugs in violation of law, it did state that he was arrested for that offense. As we have already said, this is not a case in which defen *439 dant was charged with being arrested for one offense while his probation was revoked for another offense not mentioned in the VOP charge. The VOP charge was supported by testimony that he was in fact convicted of precisely the offense stated in the VOP charge as the basis for the arrest. Any error in the charging document was indubitably harmless.
Id. (emphasis added); see also Hines v. State, 358 So.2d 183, 186 (Fla.1978). Essentially, Langbaum found that the defendant had actual notice based upon the allegations in the affidavit, and not through some outside independent source.
The State, misconstruing the holding in Langbaum, focuses on the portion of the opinion which quickly referenced actual notice. The Langbaum court stated:
[W]e find this to be harmless error since the record shows that the probationer clearly had actual notice of the charges, that he was arrested near the scene of the crime shortly after its occurrence, and that he made a confession to his involvement. There was no violation of the probationer’s due process rights. Petitioner’s probation was revoked upon adequate proof of [the crime] for which he was arrested by Deputy Blosser on 3/13/76. The circumstances here are not comparable to those cases in which a person’s probation has been revoked based upon proof of charges other than those with which he was notified in the affidavit of violation.
Id. (quoting Hines, 358 So.2d at 185 (emphasis added)). The State accordingly argues that there is no error here because Johnson had actual notice of the State’s intention to proceed based on the incident in March 2003. The State bases this belief on the fact that (1) Johnson’s attorney attempted to depose Lanier prior to the VOP hearing,[2] (2) Johnson was prepared to respond to this uncharged allegation, (3) Johnson presented a rebuttal witness regarding this incident, and (4) Johnson herself testified at the VOP hearing regarding this incident.
We find Langbaum to be distinguishable. Johnson’s probation was revoked based solely upon the incident in March 2003 and the affidavit completely fails to make any reference to this violation. Additionally, the ability to present a defense is not necessarily the equivalent to having received proper notice so as to satisfy due process. Likewise, notice must be sufficiently early to satisfy due process considerations. The fact that Lanier never showed up for the deposition set by Johnson may possibly have been remedied if Johnson had had more time to act. Consequently, we find that the trial court erred by revoking probation under these circumstances. However, the State is free to amend the affidavit on remand and seek revocation of the defendant’s probation on the correct charge. Nadal v. State, 855 So.2d 257, 258 (Fla. 3d DCA 2003). Should the trial court again revoke Johnson’s probation, it should file a written order revoking her probation specifying the violations and the findings of fact in support of that ruling. See Watts v. State, 688 So.2d 1018, 1018-19 (Fla. 4th DCA 1997); Larangera v. State, 686 So.2d 697, 698 (Fla. 4th DCA 1996).
REVERSED.
WARNER and HAZOURI, JJ., concur.

. "[0]n September 6, 2002, she did unlawfully take from the person or custody of Latoya Weaks certain property of the value of less than $300.00, to-wit: a purse, with the intent to permanently or temporarily deprive Latoya Weaks of a right to the property or a benefit therefrom, by the use of force, violence, assault, or putting the said Latoya Weaks in fear, contrary to F.S. 812.13(1) and F.S. 812.13(2)(c).”

. Johnson’s attorney stated at the VOP hearing that Lanier did not show up for the deposition which he set. (T. 20).