BROWNING, J.
Angelo Goss appeals the revocation of his probation for failure to pay the costs of supervision and commission of a new law offense. We affirm as to the first issue, without comment; but reverse as to the second issue, because the trial court did not make clear which law violation it relied on to revoke probation.
The trial court erred in ruling that Appellant violated a condition of his probation on the basis of its finding, by a preponderance of the evidence, that Appellant “has committed at least one felony.” The trial court did not state which of the three charges it found Appellant to have committed, or whether it was some other, uncharged felony. Probation cannot be revoked on a finding that a probationer committed an uncharged felony. Ray v. State, 855 So.2d 1260 (Fla. 4th DCA 2003). And, even if the trial court intended to refer to one of the charged felonies, we believe the trial court must specify which felony it suspected Appellant had committed. This is a logical application of the established rule that reasons for violation must be explicitly stated, set forth in McAffee v. State, 779 So.2d 299, 299 (Fla. 2d DCA 1999).
*184 Accordingly, we reverse for further proceedings consistent with this opinion. If appropriate, the trial court shall enter a corrected order of revocation of probation. See, e.g., Oliver v. State, 819 So.2d 816 (Fla. 1st DCA 2002).
WOLF and VAN NORTWICK, JJ., concur. .