PER CURIAM.
By petition for writ of mandamus, J.R. seeks to compel the trial court to allow him to attend arraignment in person. We hold that an arraignment is a critical stage in a delinquency proceeding and that Florida Rule of Juvenile Procedure 8.070, read in conjunction with Florida Rule of Juvenile Procedure 8.100(a), requires the juvenile to be present at an arraignment unless the juvenile waives the right to be present or the court finds that the juvenile’s mental or physical condition is such that a court appearance is not in the juvenile’s best interests. Because the arraignment has already taken place in this case, we deny the petition.
*691 The state filed a petition for delinquency, charging petitioner with sexual battery on a child less than 12 years of age by a defendant less than 18 years of age. Petitioner was subsequently detained. Petitioner filed a motion to appear in person at his arraignment scheduled for January 31, 2007. The trial court denied the motion. The court found that an arraignment was not a hearing pursuant to rule 8.100, but rather a procedure governed by rule 8.070. The court stated that there was nothing pending before the court which required a hearing.
We address this otherwise moot issue because it is capable of repetition but evading judicial review. See N.W. v. State, 767 So.2d 446, 447 n. 2 (Fla.2000). Petitioner was denied his constitutional right to be present at the arraignment. An arraignment is a critical stage of the proceedings in a delinquency prosecution. See T.S. v. State, 773 So.2d 635 (Fla. 5th DCA 2000). Like criminal defendants, juveniles have a constitutional right to be present at all critical stages of the proceedings. See Muhammad v. State, 782 So.2d 343 (Fla.2001). Petitioner did not waive this constitutional right as evidenced by filing the motion to appear in person.
Furthermore, the Florida Rules of Juvenile Procedure require the presence of the child at the arraignment in the circumstances of this case. Rule 8.070 provides in pertinent part that “[p]rior to the adjudicatory hearing, the court may conduct a hearing to determine whether a guilty, nolo contendere, or not guilty plea to the petition shall be entered and whether the child is represented by counsel or entitled to appointed counsel as provided by law.” (emphasis added.) Rule 8.100 states that Unless otherwise provided, the following provisions apply to all hearings.
(a) Presence of the Child. The child shall be present unless the court finds that the child’s mental or physical condition is such that a court appearance is not in the child’s best interests.
(emphasis added.) See R.R. v. Portesy, 629 So.2d 1059 (Fla. 1st DCA 1994) (holding that rule 8.100(a) means that the accused child is required to be physically present at all hearings held under the juvenile rules, except when there has been a waiver of the right to be present or the court makes specific findings regarding the child’s physical or mental condition that precludes physical presence).
A plain reading of rules 8.070 and 8.100 leads to the conclusion that petitioner has the right to attend in person his or her arraignment. Rule 8.070 specifically mentions that an arraignment is a “hearing.” The rule does not expressly provide an exception to the juvenile’s right to appear pursuant to rule 8.100. Thus, the trial court was required to find that petitioner’s mental or physical condition was such that a court appearance was not in petitioner’s best interests in order to deny petitioner’s request to appear in person at arraignment. The trial court did not do so. Accordingly, the trial court erred in denying petitioner’s request.
Because arraignment in this case has already taken place and the petitioner has not demonstrated harm as a result of his lack of presence at the arraignment, we grant no affirmative relief in this particular case. We are confident the trial court will follow the law as set forth herein, and we will not have to address this issue in the future.
PETITION DENIED.
BARFIELD, WOLF, and VAN NORTWICK, JJ„ concur.