MAY, J.
A juvenile appeals a disposition order finding her guilty of violating her probation. She raises multiple arguments, chief among them are that the court erred in revoking her probation based solely on hearsay and allegations not contained in the petition for violation of probation, and in excluding her from part of the disposition hearing without her personal waiver. We agree and reverse.
After the juvenile pled to burglary and related crimes, the court withheld adjudication and placed her on probation. The juvenile’s grandmother had custody of her. CareSource was the juvenile’s legal guardian.
Two days after being placed on probation, the juvenile was arrested for being a passenger in a stolen vehicle. The State filed a petition for violation of probation, alleging that the juvenile: (1) failed to report to the field office within 24 hours of being placed on probation; and (2) moved or ran away from her approved residence. The court again withheld adjudication and reinstated probation.
Subsequently, the State filed a second petition for violation of probation. This petition alleged that the juvenile violated probation by: (1) leaving her approved residence for three months without permission, and (2) absconding from probation. The juvenile probation officer (“JPO”) also filed an affidavit of diligent search, attesting that she was informed by the grandmother that the juvenile left home, and that the PACE Center reported that the juvenile failed to attend school.
At the hearing, the court, at the State’s request, took judicial notice of the entire court file. The State called the JPO as a witness, who testified that the conditions of the juvenile’s probation were never explained to her because she did not report for her initial intake. The JPO also testified that, after having no contact with the juvenile for a couple of weeks, she contacted the juvenile’s grandmother, who did not know the juvenile’s whereabouts. The JPO also contacted CareSource, which reported that it had no contact with the juvenile. The juvenile also failed to attend *1158 PACE as ordered by the court when it reinstated her probation.
On cross-examination, the JPO admitted that, when searching for the juvenile, she did not go to the juvenile’s residence, her school, or her friend’s residence to personally look for the juvenile. Rather, the JPO received information over the phone from the grandmother and the school.
Defense counsel argued that the State failed to prove that the juvenile willfully and substantially violated probation because there was no evidence to establish the juvenile had been instructed on the rules of probation, and because the State presented only hearsay evidence from the JPO to support the allegations. The State responded that it was the juvenile’s fault for not having been instructed because she failed to report to her JPO, and that the State proved the violation through the JPO’s testimony and the court’s judicial notice of the JPO’s affidavit of diligent search.
The court then read a document prepared by a detention screener, contained within the court file, which indicated that the juvenile runs away and hangs out with the wrong people. The grandmother indicated that the juvenile will be gone as soon as she is released. Based on this information, the court pronounced the juvenile a chronic runaway.
The court found the juvenile substantially and willfully violated her probation because she: 1) was missing for over ninety days; 2) never reported to her probation officer; 3) failed to attend school; 4) had a history of absconding; and 5) her whereabouts were unknown. The court ordered a predisposition report and comprehensive evaluation of the juvenile.
At a subsequent disposition hearing, the court ordered the juvenile to leave the courtroom so he could talk to the grandmother privately. Upon request, defense counsel indicated no objection to the court excluding the juvenile from the courtroom. After the juvenile left, the court solicited the opinion of the grandmother, the legal guardian, who was also the juvenile’s therapist, the JPO, and the attorneys regarding the proper disposition. The court then ordered the juvenile back to the courtroom, told the juvenile the conditions of her probation, and confirmed with the juvenile that she understood them. The court withheld adjudication and reinstated probation. From the finding of guilt on the violation and disposition, the juvenile now appeals.
The juvenile argues that the court committed fundamental error because it found her in violation of five probation conditions when the petition alleged only two. The State responds that the court’s findings were supported by competent, substantial evidence. We review a court’s order revoking probation for an abuse of discretion. Taylor v. State, 949 So.2d 345, 346 (Fla. 4th DCA 2007).
“To revoke probation, the conscience of the court must be satisfied that the State proved by a greater weight of the evidence that, under the totality of the circumstances, the probationer deliberately, willfully, and substantially violated a condition of his or her probation.” Shepard v. State, 939 So.2d 311, 313 (Fla. 4th DCA 2006) (citing Blackshear v. State, 771 So.2d 1199, 1200 (Fla. 4th DCA 2000)). The right of due process guarantees that a revocation of probation “be based only on a violation alleged and presented.” Davis v. State, 891 So.2d 1186, 1187 (Fla. 4th DCA 2005) (citing State v. Anderson, 537 So.2d 1373 (Fla.1989)). “‘A contemporaneous objection is not required to preserve the issue for appellate review because a deprivation of the right to due process is a fundamental error.’ ” Id. at 1188 (quoting Nagel v. State, 758 So.2d 1206, 1208 (Fla. 4th DCA 2000)).
*1159 In B.E. v. State, we reversed a revocation of probation because the juvenile’s due process rights were violated when the court found violations not alleged in the petition. 115 So.3d 1088 (Fla. 4th DCA 2013). We remanded the case for the court to decide whether it would revoke the juvenile’s probation and impose the same disposition on the alleged violations. Id.
Here, the petition alleged two violations of probation: (1) the juvenile left her approved residence for three months without prior knowledge or consent of her JPO; and (2) the juvenile was considered an absconder from probation. The court found that the juvenile committed five violations, the two alleged and three more: (1) she never reported to her probation officer; (2) she failed to attend school; and (3) she had a history of absconding. None of these violations were alleged in the relevant petition. Were this the only problem with this case, we would remand as we did in B.E. to allow the court to determine whether it would have revoked probation on the two grounds alleged and whether the disposition would be the same. However, additional errors are reflected in this record.
The juvenile next argues that the revocation of probation was based solely on hearsay provided by the JPO, the State’s only witness, and judicial notice of the court file. The State responds that, although hearsay alone is insufficient to support the revocation of probation, a combination of hearsay and non-hearsay evidence was provided to support the revocation. Further, the State argues that the defense failed to preserve the error.
 While “[hjearsay is admissible in a revocation hearing,” the “revocation cannot be based on hearsay alone.” McNealy v. State, 479 So.2d 138, 139 (Fla. 2d DCA 1985). Here, the JPO testified that the juvenile never reported to her and that she was court-ordered to go to school. This is direct evidence based on the JPO’s personal knowledge, but it is direct evidence of the unalleged violations. The State failed to present any non-hearsay evidence to establish that the juvenile left her residence without permission or ran away from her approved residence. For this reason, there was insufficient evidence to revoke the juvenile’s probation on the two allegations contained within the petition.
The third issue we address is the court’s request for the juvenile to leave the courtroom to enable the court to discuss the disposition with her grandmother, her legal guardian/therapist, her probation officer, and the attorneys. The State suggests that Florida Rule of Juvenile Procedure 8.100(e) is inapplicable, that the defense counsel waived her right to be present, and that the juvenile did not request to make a comment.
We have de novo review of this issue. See Josephs v. State, 86 So.3d 1270, 1272 (Fla. 4th DCA 2012) (citing Croom v. State, 36 So.3d 707, 709 (Fla. 1st DCA 2010)).
“Like criminal defendants, juveniles have a constitutional right to be present at all critical stages of the proceedings.” J.R. v. State, 953 So.2d 690, 691 (Fla. 1st DCA 2007). Rule 8.100(a) of the Florida Rules of Juvenile Procedure provides that “[t]he child shall be present unless the court finds that the child’s mental or physical condition is such that a court appearance is not in the child’s best interests.” Section 985.433(4), Florida Statutes (2012), requires that a court, before it “determines and announces [a] disposition,” shall:
(a) State clearly ... the right of persons present as parties to comment at the appropriate time on the issues before the court.
*1160 [[Image here]]
(c) Discuss with the child his or her feelings about the offense committed, the harm caused to the victim or others, and what penalty he or she should be required to pay for such transgression.
(d) Give all parties ... an opportunity to comment on the issue of disposition and any proposed rehabilitative plan.
Rule 8.100(a) has been construed to mean that, with very limited exceptions,[1] “the accused child is required to be physically present at all hearings, ... except when there has been a waiver of the right to be present.” R.R. v. Portesy, 629 So.2d 1059, 1062 (Fla. 1st DCA 1994). This waiver must be personal, not one by the juvenile’s counsel. M.A.L. v. State, 110 So.3d 493, 497 (Fla. 4th DCA 2013) (citing R.R., 629 So.2d at 1062).
Here, the juvenile did not personally waive her right to be present. After discussing concerns outside of the presence of the juvenile, the court called the juvenile back to the courtroom and announced the disposition. Because the court excluded the juvenile from part of the hearing and did not give the juvenile an opportunity to comment on the issue of disposition, the court committed fundamental error. See T.A.S. v. State, 892 So.2d 1233, 1234 (Fla. 2d DCA 2005) (a juvenile offender, like a criminal defendant, “has the constitutional right to be present at the stages of his trial where fundamental fairness might be thwarted by his absence.”) (quoting Papageorge v. State, 710 So.2d 53, 54 (Fla. 4th DCA 1998)).
For the reasons given above, we reverse the revocation of probation and disposition.

Reversed.

WARNER and LEVINE, JJ., concur.

. This Court cautioned that there are times that the court may find it necessary to discuss certain sensitive matters at a sidebar, out of the hearing of the juvenile. M.A.L. v. State, 110 So.3d 493, 497 n. 1 (Fla. 4th DCA 2013). Therefore, rule 8.100(a) should not be construed as barring courts from doing so under the appropriate circumstances. Id.