Gerber, J.
The juvenile appeals from his disposition after being found guilty of sexual battery on a person twelve years old or older. He argues the trial court violated his right to due process by conducting a disposition hearing in his absence, in violation of Florida Rulé of Juvenile Procedure 8.100(a) (2015), which states: “Unless otherwise provided, the following provisions apply to all hearings ... [t]he child shall be present unless the court finds that the child’s mental or physical condition is such that a court appearance is not in the child’s best interests.” We agree with the juvenile’s argument. The exception does not apply in this case, and the error was not harmless. We reverse for a new disposition hearing.
We present this opinion in three parts:
1) the procedural history;
2) why we agree with the juvenile’s arguments; and
3) why we disagree with the state’s arguments.

1. Procedural History

After the court found the defendant guilty of sexual battery on a person twelve years old or older, the court scheduled a disposition hearing, but the juvenile was not transported to the courthouse. The juvenile could not be transported until the following Monday. However, the victim’s mother and the Department of Juvenile Justice (DJJ) representative who prepared the pre-disposition report would not be available to testify on that Monday.
*359 The trial court suggested taking statements from the victim’s mother and the DJJ representative. Defense counsel objected, arguing the juvenile was not present. The trial court overruled defense counsel’s objection. The victim’s mother then testified and asked the trial court for the “stiffest penalty possible.” The DJJ representative recommended a non-secure treatment program and explained how the DJJ reached that recommendation. At the end of the hearing, the trial court did not decide upon a disposition.
Instead, the trial court convened another disposition hearing three days later. The juvenile was present at this hearing. The state recommended a maximum risk residential program for the juvenile and argued the DJJ’s recommendation was legally insufficient. At the end of this hearing, the trial court found the DJJ’s predisposition report did not “enlighten” the trial court as to the basis for its recommendation. The trial court then found the defendant a danger to the community and deviated from the DJJ’s recommendation by placing the juvenile in a high risk residential program followed by post-commitment probation. The trial court also designated the juvenile as a sex offender.
This appeal followed. The juvenile argues the trial court violated his due process right to be present during his disposition hearing when the trial court heard testimony from the victim’s mother and the DJJ representative in his absence. In support, the juvenile cites to Florida Rule of Juvenile Procedure 8.100(a) (2015), which states: “Unless otherwise provided, the following provisions apply to all hearings ... [t]he child shall be present unless the court finds that the child’s mental or physical condition is such that a court appearance is not in the child’s best interests.” Our review is de novo. See S.M. v. State, 138 So.3d 1156, 1159 (Fla. 4th DCA 2014) (applicability of rule 8.100 is reviewed de novo).

2. Why We Agree with the Juvenile’s Argument

We agree with the juvenile’s argument based on S.M. In S.M., the trial court ordered the juvenile to leave the courtroom while it discussed the disposition with the juvenile’s grandmother, legal guardian/therapist, probation officer, and attorneys. Id. at 1158. The trial court then ordered the juvenile back into the courtroom and announced the disposition. Id. We reversed, concluding the trial court committed fundamental error “[bjecause the court excluded the juvenile from part of the hearing and did not give the juvenile an opportunity to comment on the issue of disposition.” Id. at 1160. We relied upon rule 8.100(a), which “has been construed to mean that, with very limited exceptions, the accused child is required to be physically present at all hearings, ... except when there has been a waiver of the right to be present.” Id. (emphasis added; internal citations and quotation marks omitted). “This waiver must be personal, not one by the juvenile’s counsel.” Id. (citation omitted).
The instant case is slightly distinguishable from S.M. because, in the instant case, the trial court held another disposition hearing where the juvenile was present. Nevertheless, rule 8.100(a) clearly states: “Unless otherwise provided, the following provisions apply to all hearings ... [t]he child shall be present unless the court finds that the child’s mental or physical condition is such that a court appearance is not in the child’s best interests.” (emphasis added).
No exception to rule 8.100(a) applies on these facts. The juvenile did not waive his right to be at the disposition hearing. Also, the trial court did not make any finding under rule 8.100(a) “that the child’s mental *360 or physical condition is such that a court appearance is not in the child’s best interests.” Rather, it appears the trial court proceeded with the disposition hearing in the juvenile’s absence due to the unavailability of the victim’s mother and the DJJ representative on the following Monday.

3. Why We Disagree with the State’s Arguments

The state raises two arguments seeking affirmance. First, the state argues the trial court did not err because the testimony of the victim’s mother and the DJJ representative did not occur at a critical stage of the proceedings. See S.M., 138 So.3d at 1159 (Fla. 4th DCA 2014) (“Like criminal defendants, juveniles have a constitutional right to be present at all critical stages of the proceedings.”) (citation omitted). Second, the state argues that if error occurred, it was harmless. See Hurst v. State, 202 So.3d 40, 68 (Fla. 2016) (“Where the error concerns sentencing, the error is harmless only if there is no reasonable possibility that the error contributed to the sentence.”).
We disagree with both of the state’s arguments. On the state’s first argument, rule 8.100(a)’s plain language does not limit the requirement of the juvenile’s presence to only critical stages of the proceedings, but rather to “all hearings” unless otherwise provided. In any event, the testimony of the victim’s mother and the DJJ representative occurred at a critical stage of the proceedings, because the court apparently considered their testimony in determining the disposition, based on the fact that the court disregarded the DJJ recommendation and imposed a higher risk level upon the juvenile as the victim’s mother requested.
On the state’s second argument, we cannot say no reasonable possibility exists that the error did not contribute to the sentence. Again, it appears the trial court, in determining the disposition, considered the testimony of the victim’s mother and the DJJ representative from the hearing during which the juvenile was absent.

Conclusion

Based on the foregoing, we reverse the disposition and remand to the trial court to conduct a new disposition hearing complying with rule 8.100(a).

Reversed and remanded for a new disposition hearing.

Warner and Kuntz, JJ,, concur.