NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

ANDREW QUIJANO, DOC #T92384, )
 )
  Appellant, )
 )
v. ) Case No. 2D17-2541
 )
STATE OF FLORIDA, )
 )
  Appellee. )
_____ )

Opinion filed May 8, 2019.

Appeal from the Circuit Court for
Hillsborough County; Ronald Ficarrotta,
Judge.

Howard L. Dimmig, II, Public Defender,
and Matthew D. Bernstein, Assistant
Public Defender, Bartow, for Appellant.

Ashley Moody, Attorney General,
Tallahassee, and Chelsea S. Alper,
Assistant Attorney General, Tampa, for
Appellee.

SALARIO, Judge.

   Andrew Quijano appeals from an order revoking his sex offender

probation and imposing a ninety-nine-month prison sentence.  We affirm the trial court's

finding that Mr. Quijano violated his probation by possessing pornographic material but

remand for the trial court to render an amended order of revocation finding a violation of

condition 33 rather than condition 21, the condition identified in the revocation order. We affirm the remainder of the revocation order and sentence without comment.

Mr. Quijano argues that the trial court erred by finding him in violation of condition 21 for possessing pornographic material because the evidence admitted at the violation hearing failed to show that the pornographic material he possessed bore any relationship to the pattern of deviant behavior that led to the order of sex offender probation in the first place. But as the State correctly points out, the evidence at the violation hearing unquestionably showed that Mr. Quijano did violate condition 33 of his probation, which prohibits him from possessing pornographic material at all, regardless of whether it is related to his prior deviant behavior. That is enough to sustain the trial court's revocation order under the facts of this case.

A little background is helpful to understand why. Section 948.30, Florida Statutes, has long required that a trial court impose as a condition of sex offender probation a prohibition on possessing or viewing pornographic material unless otherwise provided in a statutorily required treatment plan. See, e.g., § 948.30(1)(g), Fla. Stat. (2013). Prior to 2014, the sole statutory provision on this subject required that the pornographic material subject to the prohibition be material that was related to the defendant's pattern of deviant behavior. Id. In 2014, the legislature amended the statute to include a provision applicable only to defendants whose offenses were committed on or after October 1, 2014, requiring the imposition of a condition of probation that prohibits the defendant from possessing or viewing any pornographic material (unless otherwise provided in the treatment plan) without regard to whether the pornographic material bears a relationship to the defendant's deviant behavior. See ch. 2014-4, § 15, Laws of Fla.; see also § 948.30(5), Fla. Stat. (2014). Thus, an individual

placed on sex offender probation for a crime that occurred after October 1, 2014 is subject to a statutorily required condition prohibiting the possession of any pornographic material.  See § 948.30(5).  The 2014 amendment did not, however, eliminate the earlier provision regarding pornography related to the defendant's deviant behavior.  See § 948.30(1)(g).

The offenses underlying Mr. Quijano's order of sex offender probation were committed after October 1, 2014, and the statutory change in the probation conditions is reflected in that order.  While condition 21 prohibits "viewing, accessing, owning, or possessing" pornographic material that is "relevant to the offender's deviant behavior pattern"—a condition section 948.30 has always required—condition 33, which only applies to "offenders whose crime was committed on or after October 1, 2014," contains the same prohibition without the additional relevance requirement.  Mr. Quijano has not argued in the trial court or here that the imposition of both conditions of probation is legally problematic.  Nor has he argued that the 2014 amendments to the statute are somehow invalid or are otherwise improperly applied to him.  The only problem before us in this appeal is this: The State's affidavit of violation of probation alleged—and the trial court found—a violation only of condition 21, not condition 33.  The question we must answer is whether the probation order can nonetheless be affirmed on the theory that Mr. Quijano's conduct violated condition 33.

On the facts of this case, it can.  It is, of course, a violation of due process and fundamental error to revoke a defendant's probation based on conduct that was not alleged in the affidavit.  Cherington v. State, 24 So. 3d 658, 660 (Fla. 2d DCA 2009) ("[A] trial court is not permitted to revoke probation on conduct not charged in the affidavit of violation." (alteration in original) (quoting Parminter v. State, 762 So. 2d 966,

967 (Fla. 2d DCA 2000))); Wells v. State, 60 So. 3d 551, 553 (Fla. 1st DCA 2011) ("[R]evoking an individual's probation for conduct not alleged in the charging document deprives the individual of due process and constitutes fundamental error."). However, not every defect in an affidavit of violation amounts to a violation of due process. "In order to violate due process, the affidavit must be insufficient to give the defendant notice of the nature of the charges against him and result in prejudice to his ability to prepare a defense." Jackson v. State, 807 So. 2d 684, 685 n.3 (Fla. 2d DCA 2001) (citing Hines v. State, 358 So. 2d 183, 185 (Fla. 1978)).

On the other hand, where the defendant is not found in violation based on conduct that was not alleged in the affidavit, a defect in an affidavit of violation is not fundamental error and is subject to a harmless error analysis. Hines, 358 So. 2d at 185. When a defendant's probation is revoked based on an affidavit which alleges a violation with less-than-exacting precision but which nonetheless puts the defendant on notice of the misconduct of which he is accused, as is the case here, the deficiency is considered harmless so long as the State offers sufficient evidence that the defendant is guilty of the conduct (although not necessarily the condition) actually alleged in the affidavit. See, e.g., Smith v. State, No. 1D17-2771, 2019 WL 942980, at *1-2 (Fla. 1st DCA Feb. 27, 2019) (holding that an error in an affidavit of violation which alleged that the defendant violated the terms of his probation by committing "sexual assault"—which, technically speaking, is not an offense under Florida law—was harmless because the defendant was "clearly on notice of the crimes for which he was arrested and charged"); Langbaum v. State, 799 So. 2d 391, 392-93 (Fla. 4th DCA 2001) (en banc) (holding that an error in an affidavit of violation which alleged without elaboration that the defendant had been arrested for DUI was harmless where the "[d]efendant expressed no doubt at

- 4 -

the VOP hearing as to what he was accused of doing to warrant revocation of his probation" and "[t]he VOP charge was supported by testimony that he was in fact convicted of precisely the offense stated in the VOP charge"); cf. McCloud v. State, 249 So. 3d 739, 741 (Fla. 1st DCA 2018) ("A revocation based on a necessarily lesser-included offense of the one alleged in the violation of probation affidavit does not violate a probationer's due process rights because a necessarily lesser-included offense is one 'in which the statutory elements are always subsumed within those of the charged offense.' Because the State presented evidence of McCloud's convictions for a necessarily lesser-included offense of the one alleged in the violation of probation affidavit, the trial court did not err in revoking probation . . . ." (citation omitted) (quoting Sanders v. State, 944 So. 2d 203, 206 (Fla. 2006))).[1]

The State's and trial court's erroneous citation of condition 21 instead of condition 33 is not a violation of due process and is subject to the harmlessness analysis here. Even though it cited condition 21, the affidavit of violation put Mr. Quijano on notice of the exact conduct the State had to prove in order to establish a violation of condition 33—that he possessed pornographic material. To that end, the

---

[1]We note that in a case somewhat similar to this one we treated an erroneously cited condition number in both the affidavit and the revocation order as a scrivener's error that could be corrected on remand without reversing the substantive portions of the order. See Washington v. State, 228 So. 3d 707, 708 (Fla. 2d DCA 2017) (affirming the revocation of community control and remanding to correct a scrivener's error in the revocation order where "[t]he affidavit of violation described a violation of condition 16 for failing to be at his approved residence but merely cited the wrong condition number" and "[t]he State presented evidence that proved and the trial court found that Washington was away from his approved residence in violation of his community control, a violation of condition 16"). The difference here is that Mr. Quijano's conduct, based on the date of his offense, might have been proven by the State as both a violation of the condition cited and a violation of the more-expansive condition that was actually proven. It is, although harmless, more than the misstatement of the condition number in Washington.

State proved that Mr. Quijano possessed a pornographic magazine called "Barely Legal."[2]  Thus, the conduct for which Mr. Quijano's probation was revoked was both alleged in the affidavit and proved by evidence at the hearing.  Mr. Quijano had the opportunity to—and indeed did—offer evidence and argument at the revocation hearing to rebut the State's argument that he had violated his sex offender probation.  And, importantly, the only argument he made at the hearing (that the magazine did not belong to him) related to a component of the conduct common to both conditions 21 and 33.  He did not come to the violation hearing defending on the basis that the magazine was not related to his deviant behavior.  Thus, any error that did occur was harmless because, on these facts, Mr. Quijano had notice of the conduct alleged to violate his probation, his ability to prepare a defense to those charges was not prejudiced, and the State offered sufficient evidence to prove that he was guilty of the conduct alleged.  See Jackson, 807 So. 2d at 685 n.3; Smith, 2019 WL 942980, at *2; Langbaum, 799 So. 2d at 393.  We therefore affirm the revocation of Mr. Quijano's sex offender probation and remand for the trial court to issue a revocation order denoting that he committed a violation of condition 33 instead of condition 21.

_____

[2]Mr. Quijano was originally placed on sex offender probation after pleading guilty to lewd and lascivious battery on a person older than twelve but younger than sixteen.  See § 800.04(4)(a)(1), Fla. Stat. (2014).  It is difficult for us to imagine a circumstance under which possession of a pornographic magazine titled "Barely Legal" would not be relevant to whatever behavior by Mr. Quijano led to that plea such that a finding of a violation condition 21 would have been proper.  But beyond the title of the magazine, the State's evidence on the relevance requirement was close to nonexistent, and the State has not defended its proof of relevance on appeal.  See Brown v. State, 117 So. 3d 484, 486 (Fla. 2d DCA 2013) (holding that the State failed to prove the relevance requirement where "[a]bsolutely nothing about . . . Brown's deviant behavior pattern was presented by the State" and the prosecutor argued simply that at least some of the pornography "dealt with what at least appeared to be younger adults").  Without deciding the issue, we resolve the case on the basis stated in the text.

Affirmed; remanded with instructions.

LaROSE, C.J., and BADALAMENTI, J., Concur.