DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**UREL A. BARRETT,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D21-1693

[February 8, 2023]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Martin S. Fein, Judge; L.T. Case No. 06-008971CF10B.

Carey Haughwout, Public Defender, and Ross Frank Berlin, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Alexandra A. Folley, Assistant Attorney General, West Palm Beach, for appellee.

GERBER, J.

The defendant appeals from the circuit court's final order finding the defendant violated probation and from the defendant's resulting sentence. The defendant argues the circuit court erred in two respects, by: (1) not repeating a full *Faretta*[1] inquiry about the risks of proceeding pro se at first appearance on the VOP allegations, the final hearing, and the immediately subsequent sentencing hearing; and (2) not offering counsel to the defendant at the sentencing hearing.

On the defendant's first argument, we affirm. *See Noetzel v. State*, 328 So. 3d 933, 951 (Fla. 2021) ("[A]bsent a substantial change in circumstances that would cause the trial court to question its original ruling on the defendant's request for self-representation, there is no concomitant requirement to revisit *Faretta* every time the offer of counsel is subsequently renewed and rejected.").

---

[1] *Faretta v. California*, 422 U.S. 806 (1975).

On the defendant's second argument, we conclude the circuit court erred in not offering counsel to the defendant at the sentencing hearing. *See* Fla. R. Crim. P. 3.111(d)(5) ("If a waiver is accepted at any stage of the proceedings, the offer of assistance of counsel *shall* be renewed by the court at each subsequent stage of the proceedings at which the defendant appears without counsel.") (emphasis added); *Birlkey v. State*, 220 So. 3d 431, 435 (Fla. 4th DCA 2017) ("[T]he trial court erred in failing to renew an offer of counsel before the sentencing hearing on [the defendant's] probation violation even though the hearing occurred immediately following the conclusion of the VOP hearing.").

Contrary to the state's argument, the trial court's error in failing to renew an offer of counsel before the sentencing hearing was not harmless. As we held in *Birlkey*:

> The State suggests that any error in not renewing the offer of counsel to appellant was harmless because immediately after sentencing, appellant maintained his desire to proceed *pro se* at his trial on the underlying charges. This presumes that, after a proper colloquy by the trial court, appellant would likely have maintained his decision to proceed *pro se* for his sentencing as well, leading the court to impose the same sentence he received. "Where the error concerns sentencing, the error is harmless only if there is no reasonable possibility that the error contributed to the sentence." *Hurst v. State*, 202 So. 3d 40, 68 (Fla. 2016).
>
> ....
>
> Given the firmness of [the defendant's] desire to represent himself as expressed after sentencing, the series of events that the State posits would have happened is indeed highly probable, but without engaging in speculation, it is not entirely certain. *See, e.g.*, *C.D.C. v. State*, 211 So. 3d 357, 360 (Fla. 4th DCA 2017) ("[W]e cannot say no reasonable possibility exists that the error did not contribute to the sentence.").
>
> Thus, because the trial court erred in not renewing an offer of counsel to [the defendant] prior to sentencing, we reverse and remand for the trial court to conduct a new sentencing hearing that includes an offer of counsel at the outset.

*Id.* at 436.

2

Based on the foregoing, we affirm the circuit court's finding that the defendant violated his probation as alleged, but we reverse the defendant's resulting sentence. We remand for the circuit court to vacate the defendant's sentence, and to conduct a new sentencing hearing which includes an offer of counsel at the outset and, if necessary, a revisiting of *Faretta.*

*Affirmed in part, reversed in part, and remanded for resentencing.*

KLINGENSMITH, C.J., and ARTAU, J., concur.

\*　　　\*　　　\*

**Not final until disposition of timely filed motion for rehearing.**