# Third District Court of Appeal

## State of Florida

Opinion filed May 3, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-1479
Lower Tribunal No. 22-277
_____

**L.T.G., A Juvenile,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An appeal from the Circuit Court for Miami-Dade County, Dawn Denaro, Judge.

Carlos J. Martinez, Public Defender, and Nicholas A. Lynch, Assistant Public Defender, for appellant.

Ashley Moody, Attorney General, and Magaly Rodriguez, Assistant Attorney General, for appellee.

Before LOGUE, MILLER, and BOKOR, JJ.

MILLER, J.

L.T.G., the respondent below, challenges an adjudication of delinquency rendered following a hybrid adjudicatory hearing. During the hearing, L.T.G. appeared remotely through his cell phone via the Zoom videoconferencing platform, while the trial judge, witnesses, and attorneys were physically present in the courtroom. On appeal, L.T.G. contends the trial court erred in denying his motion for mistrial after he was disconnected numerous times throughout the proceedings.[1] It is axiomatic an "accused child is required to be physically present at all hearings held under the juvenile rules, except when there has been a waiver of the right to be present or the court makes specific findings regarding the child's physical or mental condition that precludes physical presence." R.R. v. Portesy, 629 So. 2d 1059, 1062 (Fla. 1st DCA 1994) (footnote omitted); see also Fla. R. Juv. P. 8.255(b)(1); Fla. R. Juv. P. 8100(c). "This waiver must be personal, not one by the juvenile's counsel." S.M. v. State, 138 So. 3d 1156, 1160 (Fla. 4th DCA 2014). Concluding L.T.G. did not voluntarily absent himself from the proceedings and his conduct did not amount to a "knowing, intelligent, and

---

[1] We summarily reject the contention that the motion for mistrial was unpreserved. See T.A.S. v. State, 892 So. 2d 1233, 1234 (Fla. 2d DCA 2005) (quoting Papageorge v. State, 710 So. 2d 53, 54 (Fla. 4th DCA 1998)) (noting a juvenile has "the constitutional right to be present at the stages of . . . trial where fundamental fairness might be thwarted by his [or her] absence").

2

voluntary" waiver of his right to be present, we reverse and remand for a new adjudicatory hearing. <u>M.W.G. v. State</u>, 945 So. 2d 597, 600 (Fla. 2d DCA 2006).

Reversed and remanded.